Thacher & Company *vs.* McWilliams & Company.

---

H. C. THACHER & COMPANY, plaintiffs in error, *vs.* R. P. McWILLIAMS & COMPANY, defendants in error.

1. Where there was a suit pending in one of the Superior Courts of this State, against a citizen of this State and citizens of another State, and the non-resident moved an order removing the cause as to him to the Circuit Court of the United States, and the Circuit Court refused to take jurisdiction of the case:

*Held,* That the jurisdiction of the Superior Conrt of this State was not divested, and it was not error in the Judge to reinstate the case on the docket.

2. Where a motion was made to remove a case to the Circuit Court of the United States and granted, and the Circuit Court refuses to entertain jurisdiction of the case, and the same was reinstated in the State Court:

*Held,* That a new motion to transfer, no new facts being shown, was properly overruled.

Removal of case to the United States Court. Before Judge GREEN. Spalding Superior Court. February Term, 1872.

Thacher & Company *vs.* McWilliams & Company.

R. P. McWilliams & Company sued out an attachment against H. C. Thacher & Company upon the following affidavit:

"GEORGIA—SPALDING COUNTY:

"In person appeared before me, Edwin W. Hammond, a Notary Public in and for said county, Robert P. McWilliams, one of ·the firm of R. P. McWilliams and Samuel McWilliams, composing the firm of R. P. McWilliams & Company, who, being·sworn, saith that Edmond Sindall and Charles A. Sindall, composing the firm of Charles A. Sindall & Company, of said county, and H. C. Thacher & Company, in the city of Boston, and State of Massachusetts, (but whose christian names and the entire names of partners are unknown to deponent,) are indebted to said R. P. McWilliams & Company, jointly and severally, in the sum of $13,608 39, amount paid out by the said R. P. McWilliams & Company for two hundred bales of cotton, purchased for the said Charles A. Sindall & Company and H. C. Thacher & Company, on their joint account, which cotton was shipped to the said H. C. Thacher & Company by the said Charles A. Sindall & Company, without paying the said R. P. McWilliams & Company the said sum of $13,608 39 so paid out as aforesaid, and that said Charles A. Sindall & Company were wholly insolvent, and the said H. C. Thacher & Company reside out of the State of Georgia, and said Charles A. Sindall absconds. '
          (Signed)                    "R. P. McWILLIAMS.
    "Sworn to and subscribed before me, this 13th day of February, 1871.          (Signed)
              "EDWIN W. HAMMOND, Notary Public."

Bond was given, and an attachment issued against Sindall & Company and Thacher & Company, which was levied upon one hundred and twenty-nine bales of cotton bagging. At the August term, 1871, of the Superior Court of Spalding county, the declaration in attachment was filed. At the same term of said Court, Thacher & Company filed a petition, con-

Thacher & Company *vs.* McWilliams & Company.

taining substantially the following allegations: That Henry C. Thacher resided at the time said suit was commenced, and now resides, in the State of Massachusetts, and Thomas Thacher, the other partner, in the State of New York; that the sum claimed in said suit exceeds $500, exclusive of costs; that Henry C. Thacher, of said firm, has made and filed in the Court, on behalf of said firm, his affidavit, according to the Act of Congress, approved March 2d, 1867, and the Act of which it is amendatory, relative to the removal of causes from the State Courts to the Circuit Court of the United States, which affidavit, together with the good and sufficient security as required, are now in Court, tendered and offered, and for the cause set forth in said affidavit, to-wit: "That deponent has reason to, and does, believe that from local influence, the said H. C. Thacher & Company will not be able to obtain justice in the said Superior Court;" petitioners ask that said attachment suit proceed no further in said Superior Court, and that it may be removed to the District Court of the United States for the Northern District of Georgia, said District Court having the same jurisdiction of like causes as said attachment suit as the Circuit Courts of the United States.

The Court directed that the cause be transferred in accordance with the prayer of the petition.

At the September term, 1871, of the District Court of the United States, for the Northern District of Georgia, the following order was passed:

"R. P. McWilliams & Company *vs.* H. C. Thacher & Company and C. A. Sindall & Company: Attachment in Spalding Superior Court, and which was transferred to the District Court for the Northern District of Georgia.

"The above cause having been transferred to this Court by the Judge of the Superior Court of Spalding county, and State of Georgia, and plaintiffs having made and filed in this Court their motion to have said cause remanded to Spalding Superior Court for causes in said motion set forth, after argument had, ordered by the Court, that the above cause be re-

manded to Spalding Superior Court, upon the ground that there cannot be a final termination of said.cause in this Court without the presence of the other defendant as party to said cause, to-wit: C. A. Sindall; and, further ordered, that the clerk of this Court make out a certified copy of said motion to remand, and this order, and that he forward the same to the Clerk of the Superior Court of Spalding county.

   (Signed)          "DOYAL & NUNNALLY,
                   "J. D. STEWART,
                         "Plaintiffs' Attorneys.

   (Signed)    "JOHN ERSKINE, Judge.
"October 10th, 1871."

At the February term, 1872, of Spalding Superior Court, plaintiffs moved to reinstate said cause upon the common law docket. H. C. Thacher & Company objected to said motion upon the following grounds, to-wit:

1st. Because said cause has been duly transferred by the judgment of said Court at the August term, 1871, to the said District Court of the United States for the Northern District of Georgia, which judgment and order had not been excepted to, and stood unreversed.

2d. Because said Superior Court of Spalding county had rightly ordered the removal and transfer of said case, and it was the legal right of the said H. C. Thacher & Company to have the same tried in the said District Court of the United States, and that such right could not be defeated by the refusal of said District Court to hear said case.

The objections were overruled and the case reinstated, to which ruling H. C. Thacher & Company excepted, and now assign the same as error.

Subsequently, during the same term of the Court, H. C. Thacher & Company presented an affidavit and bond made out in conformity to the aforesaid Acts of Congress, and moved that said cause be again transmitted to the said District Court. The motion was overruled by the Court, and H. C. Thacher & Company excepted, and now assign said ruling as error.

Thacher & Company *vs.* McWilliams & Company.

LANIER & ANDERSON; L. E. BLECKLEY, for plaintiffs in error.

DOYAL & NUNNALLY, for defendants, submitted the following brief:

1st. As Edmond Sindall, partner of Charles A. Sindall, who had previously absconded, had not been made a party to the proceeding, and still resided in Spalding county, Georgia, the District Court had no jurisdiction of the case: 15 Howard, 233; Story's pleading, sec. 72 to sec. 75; 1 Peters, 425; Acts of Congress, 1866 and 1867; 4 Washington, C. C. R.'s, 344; 9 Peters, 692.

2d. The case having been determined adversely to plaintiffs in error in the District Court, their only remedy was by appeal.

3d. The District Court could only decide on its own jurisdiction, and, having decided adversely, was bound to remand the cause to the State Conrt. 4 Cranch, 421; 9 Peters, 692; 4 Washington, C. C. R., 344.

McCAY, Judge.

The Superior Court of Spalding county had, under the Constitution and laws of the United States and of this State, original jurisdiction of the subject matter, and of the parties in this case. That jurisdiction was formally invoked, and the Court was in the actual exercise of its unquestioned powers in the premises. Under the various Acts of Congress for the removal to the Circuit Court of causes where either the plaintiff or defendant is a citizen of another State than that in which the suit is pending, proceedings were taken to remove the case to the Federal Court. The Superior Court of Spalding county passed the order required by the statute. The Federal Court refused to entertain jurisdiction of the case, and it has, therefore, never been in *fact* removed *to* the Circuit Court. It is argued, however, that as the moving party has filed his petition, bond, etc., the case is, *ipso facto*, taken

out of the State Court, and that by the Act of Congress the State Court can "proceed no further in the matter." It is said that the judgment of the State Court removing it is not inferior to the judgment of the Circuit Court refusing to receive it, and that it was not in the power of the Judge of the Circuit Court of the United States to reverse the judgment of the Superior Court of Spalding county.

We will not go into the question of which of these tribunals is the inferior, or whether either of them is, though perhaps it might always be said that the Court *ad quem*, the Court to which a cause is to be removed, and which has it to try, must be the final arbiter as to whether it is a proper case for its jurisdiction. But, as we have said, we do not think any such matter is involved. The State Court had the jurisdiction of this case, had possession of it, and the United States Court has refused to take it. We think, *ipso facto*, the jurisdiction of the State Court reattaches, or rather it is never lost. The judgment of Judge Erskine is final until it is reversed by appeal. This case has never been removed. The removal is not complete until the United States has taken it, and this is, we think, the plain meaning of the removal Act. The moving party may never move in the Circuit Court, and thus the Act be a mere instrument to defeat the State Court.

Judgment affirmed.