WELCH v. SINGLETON.

LUMPKIN, J.—1. Although the plaintiff's petition prayed for process returnable to the January term of the city court, and was backed, numbered and docketed accordingly, yet as the process itself and the copy process served upon the defendant required him to appear and answer at the next ensuing March term, the case could not, as to him, be treated as returnable to the January term.

2. It appearing that the case was improperly assigned for trial as a case of the January term, and that consequently it was afterwards called for trial out of its proper order and a judgment rendered against the defendant, although he had in due time filed an issuable defense, there was no error, at the next term, in setting the judgment aside and ordering the case to be reinstated, it appearing that the defendant had not been negligent in failing to ascertain earlier the fact that the judgment had been entered.

November 12, 1894.   By two Justices.                 *Judgment affirmed.*

Motion to set aside judgment.    Before Judge WEST-MORELAND.    City court of Atlanta.    January term, 1894.

The suit was filed on December 6, 1892.    Process was prayed, requiring defendant to appear "at the next city court of Atlanta."    The declaration was backed as a suit returnable to the January term, 1893.    The process was dated February 6, 1893, and summoned defendant to appear at the March term, 1893.    Service was made on February 18, 1893.    On March 21, 1893, defendant demurred in writing and filed a written plea.    On December 12, 1893, a verdict and judgment were rendered in favor of plaintiff.    The court adjourned for the term on December 23.    On December 30, a rule to show cause why the judgment should not be set aside was granted. On the hearing it was admitted that in the regular call of the docket the March term, 1893, had not been reached. The court granted the motion to set aside the judgment, and ordered the case reinstated and docketed in its proper place in the March term, 1893, and that it stand for trial as of that term.

CULBERSON & HUNT and C. B. REYNOLDS, for plaintiff. HARALSON & GOWDY, for defendant.