## 23527. MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION *v.* WHITE.

DECIDED DECEMBER 20, 1933.

*Little, Powell, Reid & Goldstein, J. B. Jones, Joseph H. Blackshear,* for plaintiff in error.

*Wheeler & Kenyon,* contra.

SUTTON, J. On June 18, 1932, plaintiff filed suit in Hall superior court against the defendant insurance company, and service was perfected upon the defendant that day. The next term of the court met on the third Monday in July, 1932, which was more than twenty days after the filing of the petition. The petition prayed that process issue requiring the defendant to appear at the next term of said court. The original process attached to the petition, and the copy thereof served on the defendant, required the defendant to appear at the next superior court to be held in Hall county on the first Monday in November next. The clerk entered the case on the appearance docket for the November term 1932. Upon the call of the appearance docket at the July term, 1932, there being no appearance for the defendant, the court marked the case in default. At the November term, 1932, the defendant appeared and made proper application to remove the case to the Federal court, and the

judge of the superior court granted an order removing the case. On March 31, 1933, the Federal court remanded the case to the superior court, on the ground that it was not removed within the time required by law. At the May term, 1933, the first term of the superior court after the case was remanded, the defendant presented a motion to set aside and vacate the entry of default, and paid the cost, offered to plead a meritorious defense instanter, and announced ready to proceed with the trial. The court disallowed this motion, and to this judgment the defendant excepted pendente lite, and assigns error on such exceptions in the present bill of exceptions. The court proceeded to hear the evidence of the plaintiff, and upon the conclusion thereof directed a verdict for the plaintiff. The defendant moved for a new trial, the motion was overruled, and to this judgment it excepts.

"To every petition the clerk shall annex a process . . requiring the appearance of the defendant at the return term of the court." Civil Code (1910), § 5552. The object and purpose of the process is to bring the defendant into court. *Gay* v. *Cheney,* 58 *Ga.* 304; *Neal Millard Co.* v. *Owens,* 115 *Ga.* 959. "In all cases where the defendant has been served with petition and process, he shall appear at the court to which such process is made returnable, and make his defense." Civil Code (1910), § 5635. The answer must be filed on or before the last day of the term to which process is returnable. *Camp* v. *Wallace,* 61 *Ga.* 497; *Johnson* v. *Ballingall,* 1 *Ga.* 68. "Where the statute allows the defendant in an action at law to appear and answer on or before the first day of the term to which the process is returnable," an entry of default before that time is "prematurely made." *Ashburn Auto Co.* v. *Black,* 12 *Ga. App.* 754. Under none of the statutes regulating the time for appearance and defense by a defendant who has been lawfully served with process is he required to appear before the return term fixed by the process. The statutes will not be construed to compel the appearance of the defendant before the appearance term named in the original process. *Spence* v. *Manufacturers Cor.,* 47 *Ga. App.* 356 (170 S. E. 533). "Although the plaintiff's petition prayed for process returnable to the January term of the city court, and was backed, numbered, and docketed accordingly, yet as the process itself and the copy process served upon the defendant required him to appear and answer at the next ensuing March term, the case

could not, as to him, be treated as returnable to the January term." *Welch* v. *Singleton,* 95 *Ga.* 519. The original and copy process in this case each required the defendant to appear at the November term, 1932, of the court and the case was docketed to this term. There was no irregularity in this respect and nothing to indicate that the defendant should appear at the July term, 1932. In these circumstances the appearance term of the case was the return term fixed by the process, and the defendant was not required to appear before that time to answer the plaintiff's complaint. It is our opinion that the court erred in marking the cause in default at the July term, the same being prematurely done before the time the defendant was required to appear and answer, and it was error to refuse to set aside and vacate the same on proper motion of the defendant.

There is nothing in the cases of *Blalock* v. *Tidwell,* 56 *Ga.* 517; *Baker* v. *Thompson,* 75 *Ga.* 164; *Williams* v. *Buchanan,* 75 *Ga.* 789; *Richmond & Danville R. Co.* v. *Benson,* 86 *Ga.* 203; *Harris* v. *Taylor,* 148 *Ga.* 663; *Williford* v. *Marshall,* 175 *Ga.* 683, and *Ware* v. *Lamar,* 16 *Ga. App.* 560, and other cases relied on by the plaintiff, contrary to what is here ruled. In all these cases the original or copy process was defective, but such defects constituted mere irregularities and could be amended, and therefore the judgment cured them. In the instant case the process was regular, and called on the defendant to answer at the November term, 1932, of said court, which was a regular term thereof, and he properly appeared on that date and moved to remove the case to the Federal court.

On the filing in the State court, in due time, of a sufficient petition and bond, in a cause removable thereby, the jurisdiction of the State court ceases, and that of the Federal court attaches, regardless of any action thereon by the State court; and any further proceeding in the State court is coram non judice, unless jurisdiction in the State court is restored. Madisonville Traction Co. *v.* St. Bernard Min. Co., 196 U. S. 239; Kern *v.* Huidekoper, 103 U. S. 485, 490; *Chattanooga &c. Co.* v. *Robinson,* 14 *Ga. App.* 73; *Southern R. Co.* v. *Dukes,* 7 *Ga. App.* 784 (68 S. E. 332); *L. & N. R. Co.* v. *Newman,* 132 *Ga.* 523 (1). Where the State court granted an order of removal, and the Federal court remanded the case, the jurisdiction of the State court was suspended in the interim, and was restored upon the remanding of the case. *Queen Ins. Co.* v. *Peters,* 10 *Ga. App.* 289, 291. No further proceedings were had in the superior

court after the removal of the cause to the Federal court. At the first term of the superior court after the case was remanded by the Federal court, the defendant appeared and moved to set aside said premature entry of default, paid the cost, and offered to plead a meritorious defense instanter, and announced ready for trial. No further proceedings had been taken in the State court pending the time the case was in the Federal court, and the only entry in the case was the entry of default in the case at the July term, 1932, which was before the appearance term of the case as fixed by the process. The motion to set aside the default and offer to plead and proceed with the trial did not come too late, and the court should have allowed the same.

*Judgment reversed. Jenkins. P. J., and Stephens, J., concur.*