29175. RICH'S INC. *v.* ANDREWS *et al.*

DECIDED NOVEMBER 19, 1941.

*Neely, Marshall & Greene, W. Neal Baird,* for plaintiff in error.
*W. O. Slate, Hughes Roberts, Prestwood & Hall,* contra.

STEPHENS, P. J. Mrs. Valeria Andrews filed in Fulton superior court a suit for damages against Rich's Inc., a foreign corporation doing business in this State, and Jewelers Supply Company Inc.,

a domestic corporation likewise doing business in this State, alleging that she had sustained certain personal injuries by reason of the negligence of the defendants. General and special demurrers were interposed by Rich's Inc. On May 8, 1941, the judge overruled these demurrers, and Rich's Inc. excepted. The bill of exceptions was certified by the judge on May 20, 1941. On June 26, 1941, counsel for Rich's Inc. filed in this court a motion in which they prayed that this court order the bill of exceptions to be returned to Fulton superior court and considered in that court as exceptions pendente lite, or in the alternative that this court order that a copy of the bill of exceptions on file with the clerk of the superior court be considered as pendente lite. Messrs. Roberts, Prestwood and Hall, counsel for the plaintiff, acknowledged service of the motion, and consented "to an order in the above case that the bill of exceptions be considered as exceptions pendente lite, or the copy of said bill of exceptions in the court below be considered as exceptions pendente lite." From the motion filed in this court the following facts appear: On May 28, 1941, the plaintiff moved to dismiss her action as to the Jewelers Supply Company Inc., and on that date the judge ordered that the case be dismissed as to that defendant, "without prejudice," and that it proceed against Rich's Inc. On June 5, 1941, Rich's Inc. notified the plaintiff that it would file a petition for the removal of the case to the United States district court for the northern district of Georgia, and would seek such orders of the superior court as were incident to such removal. On that date Rich's Inc. served on counsel for the plaintiff the bill of exceptions to this court, and obtained an acknowledgment thereof, and also "simultaneously filed its petition for removal to the United States district court for the northern district of Georgia, and obtained an order" from the trial judge "ordering said case removed to the United States district court for the northern district of Georgia." On June 19, 1941, a transcript of the record of the case in the superior court was filed with the clerk of the Federal court, and the case "is now pending" in that court. It is further recited in the motion that this latter suit did not become removable until the voluntary dismissal of the action as to the Jewelers Supply Company Inc., which left the case pending in that court between the plaintiff and Rich's Inc., a Delaware corporation, and that this dismissal did not occur until after the

entry of the judgment overruling the demurrers of Rich's Inc., and the certification of the bill of exceptions assigning error thereon, and therefore, that at the time of the certification of the bill of exceptions, the case was not removable.

The defendant in error asks that the writ of error be dismissed on the ground that on the removal of the case to the Federal court the State courts had no further jurisdiction. The plaintiff in error contends that the case became removable after the bill of exceptions had been certified, thereby making it impossible to file exceptions pendente lite to the order overruling the demurrers; that if the Federal court retains jurisdiction any action taken by the State courts would be of no effect, but that if the bill of exceptions is dismissed or withdrawn and the case is remanded by the Federal court to the superior court, the order on the demurrers would be final and would constitute the law of the case; and that while the Court of Appeals is without jurisdiction to render a decision in the case, it has authority to preserve the status quo by ordering that the bill of exceptions be considered as exceptions pendente lite in the trial court.

Where an action for tort is brought in a State court by a resident plaintiff against a resident and a non-resident defendant, and the plaintiff voluntarily dismisses as to the resident defendant, the cause becomes removable to the Federal court on the ground that the action is wholly between the plaintiff and the nonresident defendant. See Powers v. Chesapeake & Ohio Ry., 65 Fed. 129; Hill v. Director-General of Railroads, 178 N. C. 607 (101 S. E. 376). Where the non-resident defendant, immediately on the voluntary dismissal of the case as to the resident defendant, files a petition to remove the case to the Federal court, and complies with the Federal statute in that regard, "it shall be the duty of the State court to accept said petition and bond, and proceed no further in such suit." 28 U. S. C. A. § 72. Where a right to remove a case from a State court to a Federal court exists, and the removal is properly effectuated, the State court is thereby deprived of jurisdiction and it has no power to proceed further. Southern Railway Co. v. Dukes, 7 Ga. App. 784 (68 S. E. 332); L. & N. R. Co. v. Newman, 132 Ga. 523 (64 S. E. 541, 26 L. R. A. (N. S.) 969). Any further proceeding in the State court is coram non judice, unless the jurisdiction of the State court is actually restored. Kern v. Huidekoper,

103 U. S. 485, 490 (26 L. ed. 354) ; Manning v. Amy, 140 U. S. 137 (11 Sup. Ct. 737, 35 L. ed. 386) ; *Chattanooga Boiler & Tank Co.* v. *Robinson,* 14 *Ga. App.* 73 (80 S. E. 299). However, if the United States district court finds that the case was not removable, that court can remand it to the State court. See 28 U. S. C. A. § 80. In *Thacher* v. *McWilliams,* 47 *Ga.* 306, it was held that the State court does not lose jurisdiction of a case by making an order transferring it to the United States court when the latter court refuses to entertain jurisdiction. Therefore, on removal of a cause from the State court to the Federal court, if it afterwards appears that the case was not a proper one for removal, and it is remanded by the Federal court, any action taken by the State court during the interim is valid. See 28 U. S. C. A. 383, § 71, note 724.

While the Court of Appeals, on the removal of the case to the United States district court, could not take any further step in the case, this court is not without authority to preserve the status quo and to enter any order necessary to accomplish that purpose. In the event the United States district court does not retain jurisdiction, and for any cause remands this case to the superior court, the judgment overruling the demurrers of the non-resident defendant will be final and will constitute the law of the case, and the rights · of the non-resident defendant may be prejudiced unless exceptions pendente lite are properly filed and preserved. Accordingly, this court having no jurisdiction to proceed in the case and to pass on the questions presented in the bill of exceptions, the writ of error is dismissed ; but in view of the facts of this case it is ordered that the copy of the bill of exceptions on file in the office of the clerk of the superior court be treated as exceptions pendente lite in the case.

*Writ of error dismissed, with direction. Sutton and Felton, JJ., concur.*