29401. REEVE BROTHERS *v.* ALLEN, clerk.

DECIDED JULY 6, 1942.

*Dykes, Bowers & Dykes,* for plaintiffs.
*R. L. Maynard,* for defendant.

STEPHENS, P. J. Reeve Brothers filed a petition in the city

court of Americus in which they prayed for a rule against H. E. Allen, clerk of that court, to show cause why he should not refund to the plaintiffs the sum of $58, which the plaintiffs had paid under protest to the clerk as, being the amount representing the cost of recording upon the writ book of that court the pleadings in four suits against the plaintiffs, which suits, at the instance of the plaintiffs as alleged non-residents, had been, by order of the city court of Americus, transferred to the Federal court, and the proceedings in the city court of Americus by such order of removal had been stayed. It appeared from the petition that when the plaintiffs paid such court costs to the clerk, and when the order of the court removing the cases to the Federal court was passed, the pleadings in the cases had not been placed of record on the writ book of the court. There appears to have been no answer or demurrer filed by the clerk to this petition. The judge of the city court, in hearing the case on the petition alone, held that the clerk was legally entitled to the costs and rendered a judgment denying the petition and refusing to grant the rule as prayed. The plaintiffs excepted.

It is provided in Code § 24-2715 that the clerks of the superior courts and city courts must record immediately in a book of final record every part of the pleadings in every case. It is provided in paragraph 7 of that section that the clerk shall not be punished for contempt until after the paper or papers required to be recorded have been filed for three months. It appears that the suits which had been filed in the city court of Americus against the plaintiffs were filed on August 25, 1941, and that the order of removal of the cases to the Federal court was passed on September 11, 1941. It being necessary to pay the court costs as a condition precedent to the removal of the cases to the Federal court, it necessarily follows that the court costs were paid within a period of three months after the filing of the suits in the city court of Americus. The clerk therefore, at the time of the payment of the costs to him by Reeve Brothers, was not in a situation where he was punishable for contempt for any failure to have recorded the pleadings in the writ book. It does not appear that the clerk was in any way derelict in the performance of whatever duties may have rested on him to record the pleadings as required by the Code section cited.

It is contended by the plaintiffs that after the order of removal of the cases to the Federal court, which was before any record had

been made by the clerk of the pleadings in the writ book, no jurisdiction over the cases in the city court of Americus attached, and that the clerk, for this reason, had no right or power to record the pleadings in the writ book, and therefore could not legally collect from Reeve Brothers the costs for such record. The Code section referred to, which provides for the record of the pleadings in the writ book, expressly provides: "The provisions of this section shall not apply to cases dismissed and settled before said record is made." Applying the maxim expressio unius exclusio est alterius, which means that where certain things are expressly required others are excluded, Code § 24-2715 should be construed as providing that only where a case is dismissed or settled, and thereby finally terminated, and not otherwise, would the clerk be excused from recording the pleadings in the writ book. When a case is removed from the State court to the Federal court, on an order of the State court, it is not necessarily finally settled or disposed of as respects the State court. The cases may possibly afterwards be remanded by the Federal court to the State court, and they would then resume their positions in the State court as originally filed therein together with all the pleadings. *Queen Insurance Co.* v. *Peters,* 10 *Ga. App.* 289 (73 S. E. 536) ; *Mutual Benefit Asso.* v. *White,* 48 *Ga. App.* 146 (172 S. E. 92). Under the law, and under the order removing these cases to the Federal court, the proceedings are only stayed in the city court. This certainly does not contemplate that the cases are dismissed or settled or finally disposed of in the city court. The situation here is the same as it would have been had the cases, instead of being removed to the Federal court, been taken to the Court of Appeals or the Supreme Court of this State. In the latter event, on the certification and the filing of the bill of exceptions, the court in which the cases were pending would temporarily lose jurisdiction until the cases were passed on by the appellate court and remanded to the trial court.

The requisite costs of the recording of the cases on the writ book in the city court of Americus were legally collectible by the clerk on the removal of the cases to the Federal court, notwithstanding at the time of the removal the clerk had not in fact recorded the pleadings on the writ book. This ruling applies only as respects pleadings actually filed in the city court of Americus before the court lost jurisdiction on removal to the Federal court. No papers

could have been legally filed in the city court after the removal of the cases, and no costs of recording such papers could be exacted by the clerk. *Rich* v. *Andrews,* 66 *Ga. App.* 187 (17 S. E. 2d, 588). It is assumed that the costs involved in the case now before the court were paid for recording only pleadings which were actually of file in the city court of Americus at the time the costs were paid.

The act of Congress relating to the removal of causes from State courts to Federal courts, as appears in U.S.C.A., Title 28, § 72, provides that where the removal is instigated in the State court a certified copy of the proceedings shall be transmitted to the Federal court. It therefore appears that even after the removal of the cases the original papers are still in the possession of the clerk of the State court, and he has access to them for the purpose of recording them in the writ book.

The court did not err in refusing to grant the rule prayed for.

Judgment affirmed. *Sutton and Felton, JJ., concur.*