31885. MAXWELL *v.* ARNOLD.

DECIDED FEBRUARY 4, 1948. REHEARING DENIED MARCH 2, 1948.

*Joseph B. McGinty,* for plaintiff in error.

*J. T. Sisk,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Section 25 of the court rules, as adopted and prescribed by the Supreme Court, January 12, 1946, pursuant to the act approved February 16, 1945, (Ga. L. p. 145, et seq.), and enacted by the General Assembly by resolution thereof, approved February 1, 1946, (Ga. L. 1946, pp. 761 et seq.), which became effective January 1, 1947, and hereinafter referred to as the New Practice Act, provides as follows: "The provisions of this section of these rules shall apply to all suits in the superior courts of this State, except those proceedings specifically excepted in paragraph 24 hereof, *and shall also apply to all matters pertaining to service, pleading and practice in cases in city courts where not inconsistent with the acts*

*creating such city courts or acts amendatory thereof."* (Italics ours.)

Section 33 of the act creating the City Court of Elberton (Ga. L., 1896, p. 295), provides as follows: "Be it further enacted that the first term of said court to which a case is brought shall be the appearance or return term, and the second term shall be the trial or judgment term, and all the laws, rules and practice in the superior courts with reference to the terms thereof shall apply in the City Court of Elberton, unless in conflict with this act, or otherwise provided herein."

Section 3 of the New Practice Act (Ga. L. 1946, p. 767) provides as follows: "That Section 81-111 of the Code of 1933, which is: 'The original petition shall be deposited in the clerk's office at least 20 days before the term to which it is returnable; and if delivered within the 20 days, the clerk shall make the same returnable to the next term thereafter,' be repealed, and in lieu thereof there be adopted, prescribed and substituted: 'The day on which an original petition is deposited in the clerk's office shall be known as the return day of that petition. The day on which defensive pleadings shall be filed with respect to a petition shall be known as the appearance day of that case.' "

Sections 4, 5, and 6 of the New Practice Act relate to the commencement of actions and process; they repeal laws with reference thereto which were of force and effect at the time of the creation of the City Court of Elberton, and enact new statutes putting into execution process now provided for under the New Practice Act which was issued by the City Court of Elberton in the instant case and is now under attack.

But necessarily the old statutes are not repealed to the extent that the same can not continue to apply in instances where the New Practice Act expressly provides it does not apply. For instance, the New Practice Act expressly provides that the existing law or procedure as to alimony and divorce cases remains unchanged. If the New Practice Act should be construed to repeal irrevocably the old law providing for process, our law would then make no provision for process in divorce and alimony cases.

An examination of the process employed in this case will disclose that the same is not workable in a court the first term of which is the appearance or return term, and the second term the

trial or judgment term. Since the act creating the City Court of Elberton expressly provides for the appearance and trial terms, and since the New Practice Act does away with the appearance term and provides for process which is repugnant to appearance or return terms, and since the New Practice Act provides in effect that it shall apply to all matters pertaining to service, pleading, and practice in the city courts of this State, only where not inconsistent with the acts creating such city courts and acts amendatory thereof, we can arrive at no conclusion other than that the New Practice Act relating to the form and service of process does not apply in the City Court of Elberton.

The act creating the City Court of Elberton (Ga. L. 1896, p. 287 et eq.), does not prescribe any particular form of process to be employed in said court. Section 12, p. 290 of said act provides: "The process to writs shall be annexed by the clerk of said city court, shall be attested in the name of the judge thereof, and be directed to and served by the Sheriff of the City Court of Elberton or his deputy thereof." This appears to be the only provision of said act relating directly to process.

In *Mutual Benefit Health & Accident Assn.* v. *White,* 48 *Ga. App.* 146 (172 S. E. 92), the following is held: "The object and purpose of process is to bring the defendant into court, and a defendant is not required to appear and answer before the return or appearance term as fixed by the original process attached to the petition and the copy process served on him. An entry of default before the appearance term fixed by the process is premature, and should be set aside and vacated on proper motion of the defendant." The process fails in its purpose if, in bringing the defendant into court, it does not inform him to what term of the court he is being brought, where the law provides for an appearance or return term and a trial or judgment term.

It is contended by counsel for the plaintiff that it was the intent of the General Assembly to make the practice in the City Court of Elberton conform to that of the superior courts when it passed that act creating said court, and that for this reason it provided for the appearance or return term and the trial or judgment term the same as said terms of the superior court then existed. This is no doubt true, but we are also called upon to construe the New Practice Act; and since it expressly provides

that it shall apply to all matters pertaining to service, pleading, and practice in cases in city courts where not inconsistent with the acts creating such city courts, and since it expressly is inconsistent with section 33, providing for the appearance and trial terms of the City Court of Elberton, we can not say that it was the intent of the General Assembly, in passing the New Practice Act, to repeal the conflicting provision of the act creating the City Court of Elberton.

Therefore it follows that, since the City Court of Elberton has the appearance or return term and the trial or judgment term, and since process under the New Practice Act is unworkable in such a court, and since under the authority of *Mutual Benefit Health & Accident Assn.* v. *White,* supra, a defendant is not required to appear and answer before the return or appearance term, the process in the instant case, otherwise directing him, is void.

The profound opinion filed with the judgment of the trial judge is an exhaustive and helpful brief on the subject before us, but we find ourselves unwilling to follow the reasoning of the able judge to the point of repealing by implication the express provisions of the act creating the City Court of Elberton fixing the appearance or return terms and the trial or judgment terms of said court, especially by an act which itself says in effect it does not repeal that with which it conflicts as regarding city courts. We can well understand why the bench and bar of this State might desire that the New Practice Act apply in all city courts in order to make the practice of law uniform throughout the State. This can be done by the General Assembly, by amending and repealing conflicting provisions of all acts creating city courts severally, or by an amendment to the New Practice Act providing generally that the new rules shall apply in all city courts of this State without regard to the acts creating them. Until some action on the part of the General Assembly is taken, the process in the City Court of Elberton must conform to that employed prior to the effective date of the New Practice Act.

The judgment overruling the demurrer of the defendant and overruling the motion of the defendant to vacate the service is error.

*Judgment reversed. MacIntyre, P.J., and Gardner, J., concur.*

MacIntyre, P. J., concurring specially. It seems to me that,

when the legislature by the act of 1896 (Ga. L. 1896, pp. 287, 290, § 11), creating the City Court of Elberton, fixed the terms of such city court, it was merely coincidental that they were fixed in the same manner as those of the superior court.

A separate and independent act changing the terms of the superior court would not of itself change the terms of the city court. Therefore, with these terms of the City Court of Elberton still the same, the matters pertaining to service in such city court would be inconsistent with the Practice Act of 1946 (Ga. L. 1946, p. 761, 780, § 25), and the city court act as to the rules of service in that court here in question would, under the exception in the Practice Act, prevail.