40373. PROGRESSIVE FINANCE COMPANY, INC.
v. LONGLEAF LUMBER COMPANY, INC.

DECIDED OCTOBER 24, 1963.

*Jesse DuBose,* for plaintiff in error.
*Jesse G. Bowles,* contra.

RUSSELL, Judge. A motion in arrest of judgment will lie for any defect not amendable appearing on the face of the record. *Code* § 110-702. A defect in the process of the court is good ground for such a motion if it is not a mere irregularity such as may be cured by the judgment. *Hartridge v. McDaniel,* 20 Ga. 398 (3). It appears from the record here that the motion in arrest of judgment is based in part at least upon the fact that the summons of garnishment, which is the only process in such a proceeding, called on the garnishee to answer at the January, 1963, term of court, although at the time this action was filed *Code Ann.* § 46-105 had been amended (Ga. L. 1962, pp. 717, 718), so that instead of the law requiring the garnishee as formerly to appear at the next term of court it now requires him to make answer not sooner than 30 days or later than 45 days after the date of the service of the summons. The Superior Court of Stewart County has only two terms per year, commencing on the second Mondays in January and July. Under the former law the garnishee had until the first day of the second term after service in which to answer, *Peacock v. Walker,* 213 Ga. 628 (100 SE2d 575), which in this case would have been the second Monday in July, 1963. The garnishee actually did appear in June, 1963, for the purpose of making answer and discovered that a default judgment had been entered up a month before. While legal service of the summons of garnishment satisfies the requirement of due process, and while as to a defaulting garnishee formal motion and service is not necessary before the entry of a default judgment, the summons must itself

in order to satisfy the requirements of due process apprise the defendant not only of the nature of the claim against him and the relief sought, but also the time and place of hearing. *Henderson v. Mutual Fertilizer Co.*, 150 Ga. 465 (2, 3) (104 SE 229). In the present case, as the trial court correctly observed in his order arresting the judgment, had the garnishee appeared on the first day indicated by the summons he would still have been in default under the statute as it existed at that time. Where process directs the defendant to appear at a term of court subsequent to the term at which the case is properly returnable, he is entitled to rely upon the contents of the process and is protected by his obedience to it; the case will accordingly be treated *as to him* as one returnable to a later term of court. *Welch v. Singleton*, 95 Ga. 519 (20 SE 496). "In these circumstances the appearance term of the case was the return term fixed by the process, and the defendant was not required to appear before that time to answer the plaintiff's complaint." *Mutual Ben. Health &c. Assn. v. White*, 48 Ga. App. 146, 148 (172 SE 92). In *Maxwell v. Arnold*, 76 Ga. App. 576, 580 (46 SE2d 623) it was held that a process directing a defendant to be and appear to answer a stated case at a time prior to the time in which he was required by law to make answer was a void process. The summons here might, under the authority of *Welch*, supra, have been treated by the garnishee as authority to answer at a later term of court than that required by law, and apparently it had intended so to treat it, but, on making appearance within such time it found judgment by default already entered against it. Since the summons could not be effective as notice of the time and place of hearing at the time the default judgment was entered, both the summons and the judgment entered thereon were, if not absolutely void, at least voidable as a matter of right upon the garnishee making timely application to the court. The motion in arrest was in fact filed at the same term of court at which the judgment was entered up. Since all of these defects appeared on the face of the record, the trial court had no alternative but to overrule the demurrers and arrest the judgment.

Cases cited by the plaintiff in error include: *Richmond &c. R. Co. v. Benson*, 86 Ga. 203 (12 SE 357, 22 ASR 446); *Banister*

*v. Hubbard*, 82 Ga. App. 813 (62 SE2d 761); *Malcolm v. Knox*, 81 Ga. App. 579 (59 SE2d 542); *Betton v. Avery*, 180 Ga. 110 (1d) (178 SE 297); *Mitchell v. Long*, 74 Ga. 94; *Hogan v. Hogan*, 148 Ga. 151 (95 SE 972) and like cases. In all of them it was held that defects in the process or prayer for process relating to the time or place of hearing were amendable prior to judgment and where the opposite party had not been misled or caused to suffer injury thereby, and where he had time prior to judgment to make his objection if he did not wish to waive the defect. An entirely different situation obtains where, because the defendant relies on the notice contained in the summons, he is confronted by a final judgment before the time ever arrives at which he is required to answer.

The trial court did not err in overruling the demurrers and sustaining the motion in arrest of judgment.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*