41815. GOWEN v. BELL et al.

HALL, Judge. The plaintiff in this garnishment action appeals from a judgment granting the garnishee's motion to quash the summons of garnishment. The plaintiff's affidavit and bond for garnishment were made and the summons issued and served on the garnishee on July 18, 1965, citing the garnishee to appear and answer on the first Monday in October 1965.

On the appearance day directed by the summons the garnishee filed his motion to quash, on the ground that the summons was defective, not amendable, and void because the law (Ga. L. 1962, pp. 717, 718; *Code Ann.* § 46-105) provides that when affidavit and bond for garnishment are given it shall be the duty of the authorized officer to issue a summons "directed to the garnishee and requiring him to appear . . . not sooner than 30 days and not later than 45 days of the service of such summons. . ."

"No technical or formal objections shall invalidate any process; but if the same shall substantially conform to the requisites of this Code, and the defendant has had notice of the pendency of the cause, all other objections shall be disregarded: Provided, a legal cause of action as required by this Code is set forth." *Code* § 81-220.

"A summons of garnishment is the process that brings the garnishee into court, and in this respect is like process in an ordinary suit, its purpose being to give notice to the garnishee of the plaintiff's claim upon the defendant's property in the garnishee's possession or upon the garnishee's indebtedness to the defendant." *Gainesville Feed &c. Co. v. Waters,* 87 Ga. App. 354, 356 (73 SE2d 771).

In *Hearn v. Adamson,* 64 Ga. 608, the Supreme Court held that it was proper to grant a default judgment against a garnishee who attempted to answer a summons of garnishment after the expiration of time provided by law. Though the summons may have been misleading in calling upon the garnishee to answer at the next term of court, the court stated, "When the garnishee was served with the summons, the law made it his duty to answer it within ten days from the date of such service, and it was not necessary to state in the summons that he should answer within ten days. The mandate of the law was sufficient for that purpose, of which he was bound to take notice, and be governed by it."

In the present case the time provided by law for answering the summons of garnishment had expired when the garnishee filed his motion to quash. Ga. L. 1962, pp. 717, 718 (*Code Ann.* § 46-105). The trial court erred in granting the motion. *Hearn v. Adamson,* 64 Ga. 608, supra; *Williams v. Buchanan & Bro.,* 75 Ga. 789; *Williford v. Marshall,* 175 Ga. 683 (165 SE 588). Cf. *Welch v. Singleton,* 95 Ga. 519 (20 SE 496); *Mutual Benefit Health &c. Assn. v. White,* 48 Ga. App. 146 (172 SE

92); *Progressive Finance Co. v. Longleaf Lumber Co.*, 108 Ga. App. 555 (134 SE2d 63).

*Judgment reversed. Nichols, P. J., and Deen, J. concur.*

ARGUED FEBRUARY 8, 1966—DECIDED MARCH 16, 1966.

*Leon A. Wilson, II*, for appellant.
*Carroll Russell, Francis Houston, Harold Guinn*, for appellee.