**In re John D. ANTLEY, Jacquelyn L. Antley, Debtors,**

**Joe M. FLOURNOY, Chapter 13 Trustee, for the use of John D. Antley and Jacquelyn Antley, Plaintiff,**

v.

**Nellie G. PATE, Clerk of Municipal Court of Columbus, Georgia, and The National Bank and Trust Company, Defendants.**

Bankruptcy No. 81–40508–COL.

Adv. No. 81–4386–COL.

United States Bankruptcy Court, M. D. Georgia, Columbus Division.

March 5, 1982.

208

Charles C. Carter, Columbus, Ga., for plaintiff.

J. Barrington Vaught, Columbus, Ga., for defendant.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

ALGIE M. MOSELEY, Jr., Bankruptcy Judge.

Herein, the Court finds that wage garnishment funds in the hands of the employer on the date of the Order for Relief are not property of the estate, and, accordingly, the funds cannot be claimed as exempt nor are they subject to turnover to the Chapter 13 Trustee. Although filed as a joint case, only John Antley is involved in this proceeding, and he will be referred to as "Debtor."

## FINDINGS OF FACT

A Pre-trial Conference was scheduled in the above styled case on January 25, 1982 at which time a Proposed Pre-trial Order was submitted to the Court. Also at said time counsel stated there were no issues of fact and that each would file a motion for summary judgment with supporting briefs. The National Bank and Trust Company (Bank) and the Chapter 13 Trustee (Trustee) have each so filed. The Clerk of the Municipal Court of Columbus, Georgia has not participated in these proceedings other than to state that she will make disbursement pursuant to the order of this Court. The contest is essentially between Trustee and Bank. The stipulated facts are as follows:

1. The Debtor is indebted to the National Bank and Trust Company in the amount of $2,624.68.

2. On April 28, 1981, the National Bank and Trust Company filed a garnishment against Debtor's employer in the Municipal Court of Columbus.

3. The Debtor filed his petition in this [Bankruptcy] Court on October 1, 1981.

4. Prior to October 6, 1981, John Antley's employer had withheld $1,214.90 from his wages.

5. On or about October 6, 1981, and in any event after the filing of the petition herein, John Antley's employer paid the amount withheld from his wages to the Clerk of the Municipal Court of Columbus in response to the garnishment action.

6. The Defendant Clerk of the Municipal Court presently has in her possession the sum of $1,214.90, as withheld from the wages of John Antley.

The following facts do not appear in the stipulated facts, but there is no dispute as to them.

7. On July 28, 1975, a judgment was entered in favor of Bank against the Debtor in the Municipal Court of Columbus, and it was this judgment which was the basis for the garnishment commenced April 28, 1981.

8. On May 7, 1981, the Debtor's employer was served with the Summons of Garnishment.

9. From May 14, 1981 through September 24, 1981 a total of $1,214.90 was withheld from Debtor's payroll checks.

10. October 29, 1981, Debtors amended their schedules claiming said $1,214.90 as exempt.

## ISSUES AND ANSWERS

1. Whether the garnishment action pending to collect the National Bank and Trust Company's debt was stayed by virtue of the filing of the bankruptcy petition.

Answer: Under the peculiar facts here and the Georgia law, it was not a violation of the automatic stay—see discussion below.

2. Whether Debtor is entitled to exempt the amount held by the Clerk of the Municipal Court.

Answer: Under the peculiar facts here and the Georgia law, this is answered in the negative.

3. Whether the Bank's judgment lien may be avoided.

Answer: Bank's judgment lien may be avoided insofar as the Bank's judgment lien impairs other claimed exemptions of the Debtor, but it is not avoided insofar as it relates to the garnishment funds now held by the Clerk of Municipal Court.

## APPLICABLE LAW

1. The fund, which was the subject of this garnishment, constituted a chose in action. *Citizens and Southern National Bank v. Wray*, 144 Ga.App. 769, 242 S.E.2d 365, 366.

2. A judgment [the July, 1975 judgment] does not create a lien on a chose in action. The lien on a chose in action is created by the service of a summons of garnishment, and the lien dates from the date of the service of the summons and not from the date of the judgment [here, the July, 1975 judgment]. *General Lithographing Co. v. Sight & Sound Proj., Inc.*, 128 Ga.App. 304, 196 S.E.2d 479, 481.

3. Property or money to which the Debtor has only the right of possession rather than the actual possession is a chose in action. No lien is created upon a chose in action by a judgment. The Plaintiff's (Bank, here) lien arises rather by summons and garnishment, and when money due the Defendant (here, the Debtor) as salary is in the hands of the employer, the lien attaches from the date of the summons. *McWilliams v. Hemmingway*, 80 Ga.App. 843, 57 S.E.2d 623.

4. A summons of garnishment is the process that brings the garnishee into court, and in this respect is like process in an ordinary suit, its purpose being to give notice to the garnishee of the plaintiff's claim upon the defendant's property in a garnishee's possession or upon the garnishee's indebtedness to the defendant. *Gainsville Feed and Poultry Company v. Waters*, 87 Ga.App. 354, 73 S.E.2d 771, 774. *Gowen v. Bell*, 113 Ga.App. 324, 148 S.E.2d 52, 53.

5. The service of a summons of garnishment shall in all cases operate as a lien on all the garnishee's indebtedness at the date of the service and also all future indebtedness accruing up to the date of the answer. *Gainsville Feed and Poultry Company v. Waters, supra*, 73 S.E.2d at 775.

6. "The commencement of a case . . . creates an estate. Such estate is comprised of all the following property wherever located:

(1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

## DISCUSSION

This case began by the filing of a Chapter 13 case by Debtor on October 1, 1981. This proceeding was commenced by the filing of a complaint by the Trustee whose attorney herein is also the attorney for the Debtor. The complaint seeks to recover the $1,214.90 and allow the Debtor to exempt said sums. Although not stated in the complaint, it is presumed that the funds will be used by the Chapter 13 Trustee to help fund the plan. The answer of Bank is principally that at the time of the filing of the Chapter 13 case the Debtor had no interest in the $1,214.90. Bank contends that the funds are not property of the estate and that Bank on the date of the filing of the Chapter 13 case was the only entity that had an interest in the funds. Debtor contends that there was a violation of the automatic stay and that the funds on the date of the filing of the Chapter 13 case were property of the estate. Debtor concedes that he did not have complete possession and legal title to the funds but contends he had an equitable interest in the funds which passed to the estate. Debtor fails to show in his brief what this "equitable" interest was. The Court can find no substance for an equitable interest in the facts as presented. If Debtor has an interest, it would be a legal interest.

There are basically two questions. First, was the automatic stay violated? Under the peculiar circumstances here, it was not. It is a close question. If it was violated, the violation was minuscule and of no consequence because herein the funds are found not to be "property of the estate." In the future, entities in garnishment proceedings pending at the time of the order for relief, that is, the time of the filing of the petition in bankruptcy, would be well advised to seek appropriate relief from the Bankruptcy Court before taking any further steps in the garnishment proceedings.

Conceivably, the Debtor could have become a party in the garnishment proceedings in the Municipal Court and asserted limited claims there had he not filed the Chapter 13 case thereby invoking the automatic stay. Under Title 46 of the Georgia Code Debtor could have made himself a party to the garnishment proceedings and asserted limited rights to the funds up to the time of distribution by the Municipal Court. On the date that the Chapter 13 case was filed the funds were still in the hands of his employer, and the critical date is October 1, the date of the filing the Chapter 13 case and not the date that employer in fact delivered the funds to the

Municipal Court. Having invoked the automatic stay, Debtor could have requested that the stay be lifted to permit him to become a party in the Municipal Court and there assert his possible limited rights or interest to the funds, or he could have asserted those limited rights in the Bankruptcy Court. The Debtor did neither, and, accordingly, it must be concluded that he had no rights or grounds to assert a claim in the Municipal Court to the funds withheld by his employer.

■ The second basic question is whether the garnishment funds were "property of the estate" at the "commencement of the case." They were not because Debtor had no interest in the funds at the commencement of the case. Debtor had failed to assert any interest in them in the Municipal Court prior to the order for relief, and he has asserted no interest in them in the Bankruptcy Court, which he could have asserted in the proceedings in the Municipal Court.

By 11 U.S.C. § 541(a)(1), it is only the interests of the debtor in property (the funds here), not the property (the funds here) that become property of the estate "as of the commencement of the case" (here, October 1, 1981). *See In re Adams*, 13 B.R. 281, 7 B.C.D. 1414, Bankr.L.Rep. ¶ 68,275 (Bkrtcy.). Whatever interests that the Debtor had in the funds at the moment of the filing of the case on October 1, 1981 would become property of the estate. If he had no interest at this moment of filing, there was no interest for him to claim as exempt, because exemptions come out of "property of the estate." 11 U.S.C. § 522(b). All of Debtor's interests in property become property of the estate; his exemptions come out of "property of the estate." If no interest goes into the estate at the moment of filing the case, there is no interest to exempt out of the estate. What then was Debtor's interest in the garnishment funds which were in the hands of Debtor's employer at the moment Debtor filed his Chapter 13 case on October 1, 1981? The answer to this question is in those portions of Title 46 of the Georgia Code related to post-judgment garnishment.

From the tenor of Title 46 of the Georgia Code, the above cited Georgia cases, and in particular the first line of Georgia Code § 46–401, "a garnishment proceeding is an action between the plaintiff and the garnishee, . . ." it is apparent that as to post-judgment garnishments the action primarily involves the plaintiff (Bank) and garnishee (Employer) with a very limited right of participation by the defendant (Debtor). The defendant is not a "party" to the garnishment proceeding, although provision is made at Georgia Code § 46–105 for him to receive notice. No answer or response is required of the defendant by this notice, and no provision is made for a default judgment against the defendant. The defendant (Debtor, here) at his option may become a party by compliance with Georgia Code § 46–401 for the limited purposes set out in Georgia Code § 46–403. If defendant does not make himself a party, then the garnishment proceedings continue only as a action between plaintiff (here, Bank) and garnishee (here, Debtor's employer). Garnishee's answer must be served upon the plaintiff. There is no requirement that it be served upon defendant. Georgia Code § 46–502. Apparently, this is so because plaintiff and garnishee are the only parties to the garnishment action. If garnishee is indebted to plaintiff, he answers and pays the funds into court, and if no claim is filed by a claimant, including defendant, then the court or clerk pays the funds over to plaintiff.

The 1976 Georgia garnishment statute and amendments thereto does not contain a specific provision whereby a defendant may traverse the answer of the garnishee. The convoluted method for the defendant to claim garnishment funds is described in *Terrell v. Fuller*, 160 Ga.App. 56, 286 S.E.2d 50. As of the commencement of this bankruptcy case, there remained to be done in the garnishment proceeding only the paying over by employer to the Municipal Court and by the Municipal Court to the Plaintiff. Debtor's "interest" "as of the commencement of the case" is fixed by Georgia law,

no "interest" arises by reason of the Bankruptcy law. Debtor's liability to Plaintiff "as of the commencement of the case" is fixed by the July, 1975 judgment. So far as this Court is aware, only Georgia Code § 46–401 and 403 provides how debtor may assert any "interest" he may have in the garnishment funds. As to Georgia Code 46–401, Debtor has never traversed Bank's garnishment affidavit, which commenced the garnishment, by stating "that the same is untrue or legally insufficient," and as to Georgia Code § 46–403, Debtor has never "challenged the existence of such [Bank's] judgment, or the amount claimed due thereon." The Debtor never asserted any of these limited rights afforded him by these Georgia Code sections in the Municipal Court, nor has he asserted any of these limited rights to the garnishment funds in this Bankruptcy Court. Debtor has therefore failed to show that he had any "interest" in the garnishment funds "as of the commencement of the case," and this being so, there was no interest in the garnishment funds which could become "property of the estate," and this being so, there was no interest in the funds which could be exempted out of the estate, and this being so, Bank's judgment lien could not be avoided under 11 U.S.C. § 522(f), because there was no exemption as to these funds for the judgment lien to impair. Insofar as the Bank's judgment lien impairs other claimed exemptions of the Debtor, it is avoided.