## STEPHENSON *vs.* CAMPBELL.

1. Process of garnishment must be issued by a magistrate who is qualified to issue an attachment, and such process issued by any other person is void and cannot be the foundation of a valid judgment.

Garnishment, in Meriwether Superior Court. Decision by Judge Bull, at August Term, 1859.

James L. Stephenson instituted his action of complaint respectively against James Renfroe and James W. Renfroe, returnable to the February Term, 1858, of Meriwether Superior Court, and on the same day before David Ellis, a Justice of the Inferior Court, he made affidavits that he apprehended

the loss of said debts, or some part thereof, unless summons of garnishment issued. He gave the bond and security required by law in such cases, and the same with the affidavits were filed in the Clerk's office, and the sheriff notified that Catlett Campbell was the person to be garnisheed. On the same day, to-wit: 1st Dec., 1857, the Clerk gave the certificate required by law, and handed the same, together with a copy of the affidavit, to the sheriff, who attached them to a summons of garnishment, for said Campbell to appear at the February Term, 1858, and answer upon oath what effects of defendants he had in hand, or had at the time of service; said summons was signed by John S. Blalock, sheriff of said county, and upon it was the following entry, " Served Catlett Campbell with a copy of the within personally, this 1st December, 1857." Said Campbell refused to answer at the February Term of said Court. At the August Term, 1858, judgments went against defendants, and Campbell still failing to answer, on the last day of said term the usual order was taken to enter judgment against him ; the judgment not having been entered at that term, at the February Term, 1858, an order was taken to enter judgment *nunc pro tunc.* At the August Term, 1859, a motion was made to set aside said judgment upon the grounds that the affidavits did not allege that deponent had reason to apprehend the loss, etc., and because the summonses of garnishment were illegally issued, the same having been signed and issued by the sheriff instead of by the Justices of the Inferior Court. Plaintiff insisted that the affidavit was in compliance with the statute, and that it was too late, after judgment, for the garnishee to come in and plead any matter going to show that the proceedings were irregular or illegal.

The Court after argument granted the motion and set aside said judgment, on the ground that the summonses of garnishment should have been issued by the Justice; and the sheriff having no authority to issue the same, the garnishee was not bound to answer or notice it.

To which decision counsel for plaintiff excepts.

HINTON & BULL for plaintiff in error.

GEO. A. HALL, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

We think this judgment against the garnishee was properly held to be void, for the reason that there had never been any legal process against the garnishee. There cannot be a valid judgment without process. The process in this case was issued and signed by the sheriff. The Act of 1856, see page 36 of the Acts of that year, provides that process of garnishment shall be issued by a *magistrate* who is capable of issuing an attachment, and makes *no other* provision for process of garnishment. The Act then concludes by *repealing* all other Acts and parts of Acts in relation to attachments and garnishments. Therefore, the provision in the Act of 1856, is the *only* provision for process of garnishment, and any process not in conformity with that provision, is without law, and is no process at all.

Judgment affirmed.