CHARLES L. BONNEY, Appellant, vs. THOMAS S. McCLEL-
LAND, Appellee.

*Opinion filed June 18, 1908.*

1. NOTICE—*after defendant is served with process both parties are bound to take notice of motions not requiring special notice.* Due process of law requires notice to the defendant that a suit has been brought against him, but after he is served with process both parties are bound to be in court, and are charged with knowledge that any proper order or motion may be made at any time, in the absence of a rule excusing attendance unless notice is given.

2. SAME—*statute does not require notice of a motion to advance cause on docket.* The statute does not require notice to the plaintiff of a motion by the defendant to advance the cause on the docket for trial, and, in the absence of a rule of court to the contrary, the court may grant such motion, upon a proper showing, without special notice to the plaintiff being given.

3. SAME—*sending notice by registered letter is a proper method.* The sending of a notice by registered letter is a proper method to be adopted by the defendant to give notice to the plaintiff of a motion to advance the cause on the docket for trial, and if the plaintiff refuses to receive the registered letters containing notice of the motion and of the order granting the same, the court may, in its discretion, dismiss the case for want of prosecution if the plaintiff fails to appear when the case is called.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

CHARLES L. BONNEY, *pro se.*

THOMAS S. McCLELLAND, *pro se.*

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

When this suit, instituted by the appellant in the circuit court of Cook county against the appellee, was called for trial on December 11, 1906, appellant failed to appear,

and the suit was dismissed by the court at his cost for want of prosecution. Upon an appeal to the Appellate Court for the First District the judgment was affirmed, and appellant prosecuted his further appeal to this court.

The suit was brought in trespass on the case for an alleged libel and plaintiff filed his declaration on July 21, 1906. The summons was served on the defendant on August 23, 1906, and he entered his appearance on August 28, 1906. A plea of not guilty was filed on August 30, 1906, and on October 20, 1906, the defendant mailed a notice by registered letter to the plaintiff at Jacksonville, in the State of Florida, where plaintiff resided, stating that he would move the court to advance the cause on the docket for trial. On November 6, 1906, the letter containing the notice was returned to the defendant, marked: "Refused.— Return to writer." The letter was handed to the plaintiff at the post-office at Jacksonville, Florida, and he returned it to the post-master, stating that he did not want it and would not sign for it. On November 22, 1906, the court, on motion of the defendant, supported by affidavit showing the nature of the suit and tending to show that the defendant was entitled to a speedy trial, advanced the cause and set it for trial on December 11, 1906. On the next day after the entry of the order a notice was mailed by registered letter to the plaintiff at Jacksonville, Florida, stating that the order had been entered and the cause placed on the trial docket for December 11, 1906, and that defendant would try the cause on that day. The letter was returned, marked "Refused," with an endorsement that it was offered to the person addressed and he refused to take it.

Appellant, who appears as his own counsel, says that due process of law required notice to him; that such due process excludes notice by a sealed registered letter; that he had a right to refuse to receive a notice sent in that way, and that in the absence of actual notice to him the circuit court was without jurisdiction to advance the cause

and set it for trial on December 11, 1906. The positions assumed are not correct. Due process includes notice to a defendant of an action commenced against him, but a plaintiff requires no notice that he has brought a suit. When the defendant has been served with process both parties are required to be in court at all times so long as the action is pending and undisposed of, in the absence of a rule of the court excusing attendance unless notice has been given. The statutes require notice to be given for certain purposes, but there is no statute requiring notice of a motion such as was made in this case. The record contains no rule of the circuit court excusing plaintiff from attending to his case or requiring notice of the motion, and after service on the defendant both parties were bound to know that any proper motion or order in the case might be made at any time. Section 16 of the Practice act in force provided that all causes should be tried or otherwise disposed of in the order they were placed on the docket, unless the court for good and sufficient cause should otherwise direct. The court had power to make the order and the plaintiff is presumed to have known that it might be made. Both parties were bound to take notice of the action of the court and no special notice was required. (*Massachusetts Mutual Life Ins. Co.* v. *Kellogg,* 82 Ill. 614; *Niehoff* v. *People,* 171 id. 243; *Domestic Building Ass.* v. *Nelson,* 172 id. 386; *Staunton Coal Co.* v. *Menk,* 197 id. 369.) Although the record contains no rule of court requiring notice, all reasonable effort to give notice to the plaintiff was made, and the method adopted was a proper and effectual one for the purpose. It was only because the plaintiff refused to receive the notice that he did not obtain the information contained in it, if he was ignorant of the fact.

Whether the court should make the order rested in sound legal discretion, which would never be interfered with except for manifest abuse. (*Morrison* v. *Hedenberg,* 138 Ill. 22; *Staunton Coal Co.* v. *Menk, supra.*) There

was no abuse of discretion in this case, and when the plaintiff failed to appear at the time set for trial the court did right in dismissing his suit for want of prosecution.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*