## HENDERSON v. MUTUAL FERTILIZER COMPANY.

GEORGE, J. Section 5265 of the Civil Code provides that "In cases where suit is pending, or where judgment has been obtained, the plaintiff shall be entitled to the process of garnishment under the following regulations." Section 5268 requires the plaintiff to make affidavit before some officer authorized to issue an attachment, stating the amount claimed to be due in such action or on such judgment, and that he has reason to apprehend the loss of the same or some part thereof unless process of garnishment do issue; and to give bond conditioned to pay the defendant in the suit or judgment all costs and damages that he may sustain in consequence of suing out said garnishment, in the event the plaintiff fails to recover in the suit, or if it should appear that the amount sworn to be due was not due, or that the property sought to be garnished was not subject to process of garnishment. Section 5269 provides: "When such affidavit has been made and bond given, it shall be the duty of the officer . . to issue a summons of garnishment, directed to the person sought to be garnished, requiring him to appear at the next term of court where such suit is pending, . . then and there to depose on oath what he is indebted to, or what property and effects he has in his hands belonging to, the defendant, or had at the time of the service of the summons of garnishment; and also what he has become indebted to the defendant, or what property and effects he has received or got possession of belonging to the defendant, between the time of the service of said summons and the time of making his return; and upon such affidavit, bond, and summons of garnishment being delivered to any officer authorized by law to levy an attachment, it shall be his duty to serve such summons of garnishment upon the person to whom it is directed, . . and to make an entry of such service, and of his actings and doings in the premises, upon the affidavit and bond, and return the same to the court to which the person summoned as garnishee is required to appear; and· all subsequent proceedings shall be the same as in this code prescribed in relation to garnishment in cases of attachment." The code provision in relation to garnishment in cases of attachment is contained in section 5097, and is as follows: "When any person summoned as garnishee fails to appear in obedience to the summons, and answer at the first term of the court at which he is required to appear, the case shall stand continued until the next term of the court; and if he should fail to appear and answer by said next term, the plaintiff may, on motion, have judgment against him for the amount of the judgment he may have obtained against the defendant in attachment, or so much thereof as shall remain unpaid at the time the judgment is rendered against the garnishee." Section 5271 requires the garnishee to make answer to the summons of garnishment. Sections 5281 et seq. provide for traverse to the answer, notice thereof, the filing of a claim to the money or property in the hands of the garnishee, and judgment.

30

Under section 5294 the garnishee may be relieved of all costs of court, including the cost of making his answer, by the filing of a true answer to the summons, and by delivery into court of the property and effects of the defendant in his hands, if any. Sections 5268, 5269, and 5097, supra, provide for notice to the garnishee, full opportunity to appear and defend, and for judgment. *Held*:

1. The garnishment process provided in the code sections aforesaid does not deprive the garnishee of due process of law or of the equal protection of the laws as guaranteed by the constitutions of this State and of the United States. Eagleson *v.* Rubin, 16 Ida. 92 (100 Pac. 765); Rosenbusch *v.* Bernheimer, 211 Mass. 146 (97 N. E. 984, Ann. Cas. 1913A, 1317); Vaughan *v.* Furlong, 12 R. I. 127. See also De-Bearn *v.* Safe Deposit & Trust Co., 233 U. S. 24 (34 Sup. Ct. 584, 58 L. ed. 833); *Harvey* v. *Thompson,* 128 *Ga.* 147, 58 S. E. 104, 119 Am. St. R. 237, 9 L. R. A. (N. S.) 765; Rood on Garnishments, § 387.

2. Formal motion and service thereof on the garnishee who has failed to appear and answer in obedience to the summons of garnishment is not essential to .the validity of the judgment against such defaulting garnishee, under section 5097, supra. Legal service of the summons of garnishment satisfies the requirement of due process, and notice of further proceedings is unnecessary, provided the relief granted is responsive to the cause of action of which notice was given. In re Bump, 152 Cal. 274 (92 Pac. 643); Bonney *v.* McClelland, 235 Ill. 259 (85 N. E. 242); Jones *v.* Mould, 151 Iowa, 599 (132 N. W. 45); Coe *v.* Armour Fertilizer Works, 237 U. S. 413 (35 Sup. Ct. 625, 59 L. ed. 1027).

3. It is competent for the legislature to prescribe what notice shall be given to the garnishee, subject to the condition that the notice prescribed must conform to the requirements of due process of law. The summons must apprise the defendant of the nature of the claim against him, of. the relief sought, and of the time and place of hearing. Grannis *v.* Ordean, 234 U. S. 385 (34 Sup. Ct. 779, 58 L. ed. 1363).

4. Where, as in this case, a summons of garnishment, in substantial compliance with the provisions of section 5269 of the Civil Code, is issued and served upon the garnishee, who fails to appear in obedience to the summons and to answer either at the first term of the court at which he is required to appear, or at the next term thereafter, and judgment is rendered against him for the amount of the judgment previously obtained by the plaintiff against the defendant in the suit, the garnishee can not attack the judgment by affidavit of illegality for causes anterior to it. Civil Code (1910), § 5311.

5. The irregularities in the affidavit and bond to obtain garnishment, in the summons of garnishment, and in the petition and judgment rendered in the action against the main defendant, set out in the affidavit of illegality, could have been urged before judgment against the garnishee. Having failed to object, he can not go behind the judgment by an affidavit of illegality.

*Judgment affirmed. All the Justices concur.*

No. 1744. SEPTEMBER 17, 1920.

Affidavit of illegality of execution.    Before Judge Tipton.
City court of Ashburn.    October 13, 1919.

*A. S. Bussey* and *T. A. McNicholas,* for plaintiff in error.

*J. A. Comer,* contra.