### 18045. LEGG, trustee, *et al. v.* SPRATLIN.

JENKINS, P. J. 1. "The service of a summons of garnishment shall in all cases operate as a lien on all the garnishee's indebtedness at the date of the service and also on all future indebtedness accruing up to the date of the answer, and such lien shall not be defeated by any payments

Garnishment, 28 C. J. p. 254, n. 46; p. 261, n. 16.

by the garnishee or overdrafts by the defendant or other arrangements between the defendant and the garnishee." Civil Code (1910), § 5273. Thus, after the garnishment 'lien has attached by the service of the summons, the garnishee will not be permitted to divest the lien in favor of the plaintiff by entering upon any sort of contract with the defendant whereby it is sought to divert the obligation from the defendant to another. This ruling is not in conflict with the holdings made in those cases where the garnishee had, prior to the service of the summons of garnishment, already liquidated his indebtedness to the defendant by executing and delivering to him a negotiable promise to pay, and which was either transferred to a bona fide holder for value prior to its maturity, or else became legally transferred to another subsequent to its maturity, but before' the service of the summons of garnishment; 'in either case the garnishee being protected. *Burton* v. *Wynne,* 55 *Ga.* 616.

2. In the instant case, it appearing, without dispute, from the testimony of the garnishee, that his indebtedness to the defendant accrued after the service of the summons of garnishment and before the filing of the answer thereto, and that such indebtedness was, after the service of the summons, liquidated by the execution of a negotiable promissory note to the defendant, the garnishee is not protected by payment made to the holder of such note, even though the latter became such bona fide and before maturity. Accordingly, the court erred in directing a verdict for the garnishee, and in thereafter overruling the plaintiff's motion for a new trial.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 17, 1927.

Garnishment; from Lincoln superior court—Judge · Perryman. March 3, 1927.

*Burnside & McWhorter,* for plaintiffs.

*Norman & Norman,* for defendant.