## 22108.   YAARAB TEMPLE BUILDING CO. v. CARMICHAEL TILE CO.

DECIDED SEPTEMBER 1, 1932.

*Robert S. Sams, Colquitt, Parker, Troutman & Arkwright, Jones, Fuller, Russell & Clapp,* for plaintiff in error.

*George B. Rush,* contra.

HOOPER, J.   Carmichael Tile Company sued C. A. D. Bayley & Company, and summons of garnishment was served upon Yaarab Temple Building Company.   The garnishee answered that it owed the defendant nothing, except the sum of $1170.08 upon a certain promissory note due May 1, 1932.   The answer was traversed, and upon the trial of this issue the trial judge, hearing the case without the intervention of a jury, rendered judgment against the garnishee in the sum of $6778, and the garnishee excepted.

Upon the trial the evidence showed that the Temple Company, upon the completion of a shrine temple in Atlanta about January 1, 1930, owed various creditors, including Bayley Company, which it could not pay.   It had given a bond with National Surety Company as its security to insure payment of all liens against this property.   The summons of garnishment was served upon the Temple Company on February 19, 1930, and Henry B. Troutman, a witness for the plaintiff, swore, without contradiction, that on the date of such service of the summons of garnishment the Temple Company owed Bayley, the defendant, the sum of $6778.   Subsequently to that date and before July 14, 1931, the date on which the answer was filed, the garnishee entered into an arrangement with National Surety Company, Bayley, and the other creditors, whereby the Surety Company paid the creditors 75% of the amount of their claims, taking assignments of the claims.   The Temple Company executed its note to the creditors, including Bayley, for the remaining 25% of their claims, and agreed to reimburse National Surety Company the amounts so advanced by it.   It is contended by the garnishee that, after paying the judgment rendered against it, it

will still be required to pay the Surety Company the amounts so advanced. Authority is cited to the effect that "the garnishee can never be charged in such a manner as to subject him to a double liability, unless from his own fault." We think the garnishee in this case has no just ground of complaint. When served with summons it owed the defendant $6778. With knowledge of that fact, and before the time for filing answer had arrived, it arranged for the Surety Company to pay the defendant Bayley & Co. three fourths of his debt, agreeing to reimburse the Surety Company therefor. This arrangement made subsequent to the service of the summons of garnishment did not defeat the lien created thereby. See Civil Code (1910), § 5273; *Barkley* v. *May*, 3 *Ga. App.* 101 (5) (59 S. E. 440); *Legg* v. *Sprallin*, 37 *Ga. App.* 392 (140 S. E. 518). The undisputed evidence demanded the judgment rendered.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*