34311, 34312.   GAINESVILLE FEED & POULTRY CO. INC.
*v.* WATERS; and *vice versa.*

DECIDED DECEMBER 5, 1952—REHEARING DENIED DECEMBER 19, 1952.

*Telford, Wayne & Smith,* for plaintiff in error.

*E. C. Brannon, R. W. Smith Jr., Sam S. Harben,* contra.

SUTTON, C. J. █ A summons of garnishment is the process that brings the garnishee into court, and in this respect is like process in an ordinary suit, its purpose being to give notice to the garnishee of the plaintiff's claim upon the defendant's property in the garnishee's possession or upon the garnishee's indebtedness to the defendant. *Henderson* v. *Mutual Fertilizer Co.,* 150 *Ga.* 465 (104 S. E. 229). A substantial compliance with the requisites of the Code, with respect to the issuing and serving of process, will be sufficient, and, where notice is given, no technical or formal objection shall invalidate any process. Code, § 81-220.

The first question to be determined is whether the summons of garnishment was valid, where the name of the garnishee was not inserted therein before the justice of the peace signed the summons, but where the garnishee's name was inserted in the summons by the attorney at law for the plaintiff before it was served on the garnishee, said attorney having been authorized to do so by the justice of the peace when he issued the summons.

Code § 46-105 provides in part: "When such affidavit shall

have been made and bond given, it shall be the duty of the officer before whom the same was made, or any other officer authorized to issue attachments, to whom the said bond and affidavit may be delivered, upon the request of the plaintiff or his agent or attorney at law to issue a summons of garnishment, directed to the person sought to be garnished, requiring him to appear at the next term of the court where such suit is pending, or where such judgment was obtained." Thus in garnishment proceedings, when an affidavit has been made and bond given, it is the duty of an officer authorized to issue attachments to whom such bond and affidavit may be delivered to issue a summons of garnishment at the request of the plaintiff or his attorney. While the summons must be signed by the authorized officer issuing it (*Stephenson* v. *Campbell*, 30 *Ga.* 159), writing the name of the garnishee in the summons, as requested by the plaintiff, is not a judicial duty of the issuing officer, as he is given no discretion in the matter; but it is a ministerial duty, which may be performed by someone else who is authorized by the issuing officer to fill in the name of the garnishee, as was the plaintiff's attorney in this case.

The name of the garnishee need not be stated in the affidavit for garnishment. *Owsley* v. *Woolhopter*, 14 *Ga.* 124 (2). The garnishee's name is entered in the summons upon the request of the plaintiff or his attorney, and the return of service by the officer serving the summons is entered on the affidavit and bond which authorizes the summons to be issued. As a matter of record, it is the return of service by the officer serving the summons which means that the summons directed the garnishee to file his answer in the court in which the suit was pending. *O'Neill Mfg. Co.* v. *Ahrens & Ott Mfg. Co.*, 110 *Ga.* 656 (1) (36 S. E. 66). It is not contended that the return of service was irregular or incomplete in any way, and the return of service is conclusive as to the identity of the person to whom the summons of garnishment was directed. *Gibbs* v. *Rhodes Furniture Co.*, 58 *Ga. App.* 352 (198 S. E. 315). The summons of garnishment was complete and regular upon its face when served, and was not void.

Furthermore, the issuance of the summons of garnishment in this manner was a substantial compliance with the provisions

of Code § 46-105, supra. "A substantial compliance with any requirement of the Code, or laws amendatory thereof, especially on the part of public officers, shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by the enactment." Code, § 102-102 (6). Section 46-105 does not provide that a garnishment proceeding shall be void if the officer himself has not written the name of the garnishee upon the summons before or when he issues it.

*Anderson* v. *Ledbetter-Johnson Contractors,* 62 *Ga. App.* 732 (9 S. E. 2d, 860), is relied on by the garnishee for the proposition that a summons not directed to any particular person, firm or corporation is void. In that case, the summons served was directed to "Garnishee," and the name of the person sought to be garnished was never entered upon the summons, while in the present case, the garnishee's name was written upon the summons before it was served and with the consent of the officer issuing the summons. The garnishment proceeding was not void, as asserted in the garnishee's special plea, and it was error to sustain this plea.

■ Code § 46-203 provides, in part, as follows: "The service of a summons of garnishment shall in all cases operate as a lien on all the garnishee's indebtedness at the date of the service and also on all future indebtedness accruing up to the date of the answer, and such lien shall not be defeated by any payments by the garnishee or overdrafts by the defendant or other arrangements between the defendant and the garnishee." While it may be true that this statute has for its purpose the prevention of fraud and collusion between the defendant and the garnishee, it does not follow, as contended by the garnishee, that its operation depends upon a showing of fraud and collusion. Nor does this Code section provide that the lien of the garnishment proceeding shall become effective when the garnishee knows, subjectively, about the garnishment proceeding, as contended by the garnishee; such lien becomes operative when the summons of garnishment is served and when actual notice is thereby given.

As stated in *J. Austin Dillon Co.* v. *Edwards Shoe Stores,* 53 *Ga. App.* 437, 439 (186 S. E. 470): "However, the garnishment cannot reach assets in the possession of the garnishee which the

defendant himself could not recover from the garnishee. *Southern Amusement Co.* v. *Neal*, 15 *Ga. App.* 130 (82 S. E. 765). The garnishee is bound by existing liens, etc., on the property in his hands; and while the garnishment law is to prevent evasions and subterfuges, it does not intend to violate existing contracts or restrain the right to contract. It is only intended to reach something actually due the defendant and which he could recover himself."

In the present case, the garnishee Waters, who purchased Reed's property, was willing to accept such title as Reed was able to convey and to pay Reed the bid price of $4500 less the sum of $2272.50, which was the total of the liens against the property paid off by Waters. The garnishee contends that by the payment of these liens he became subrogated to the rights of the lienholders, which were prior to those of the plaintiff's garnishment lien upon the amount to be paid for the property by Waters. This contention reaches the same result as does the principle of granting the purchaser compensation for the defects in the vendor's title: the garnishee has a right to set off against the price which he owes the defendant the amount necessary to clear the liens against the property sold, and such amount was not subject to the garnishment proceeding.

However, the balance of the price which was due on January 1, 1951, was subject to the garnishment lien, and this amount exceeded the amount of the judgment which the plaintiff obtained against the defendant. Where the garnishee chooses to liquidate the debt to the defendant by giving him a note after the service of the summons of garnishment, the garnishee will not be protected should the note be acquired by a bona fide holder in due course, nor can he defeat the lien of the garnishment proceeding by such an arrangement after service of the summons. *Legg* v. *Spratlin*, 37 *Ga. App.* 392 (2) (140 S. E. 518); *Yaarab Temple Bldg. Co.* v. *Carmichael Tile Co.*, 45 *Ga. App.* 542 (165 S. E. 319). Under the facts as shown by the uncontroverted evidence, it was error to find in favor of the garnishee.

The refusal of the trial judge to admit in evidence the note from Reed to Vaughan for $500, as complained of in the cross-bill of exceptions, if error, was not prejudicial to the gar-

nishee, since it would have had no effect upon the outcome of the case whether it was admitted or not. The amount of the price which the garnishee owed to the defendant after paying off all liens against the property, including the one contended to have been represented by the note excluded from evidence, was greater than the amount of the judgment obtained by the plaintiff against the defendant.

■ The evidence does not support the finding of the trial judge in favor of the garnishee, and it was error to overrule the plaintiff's motion for a new trial.

*Judgment reversed on the main bill of exceptions (number 34311), and affirmed on the cross-bill (number 34312). Felton and Worrill, JJ., concur.*