43846. CARTER v. SHERWOOD PLAZA, INC.

ARGUED SEPTEMBER 9, 1968—DECIDED OCTOBER 8, 1968—
REHEARING DENIED NOVEMBER 7, 1968—

614

Stow, Garvin & Glenn, Frank B. Stow, for appellant.

Telford, Wayne & Stewart, for appellee.

DEEN, Judge. We agree with the appellant that the lien created by service of the summons of garnishment may not be defeated by arrangements between the defendant and the garnishee for that purpose (*Legg v. Spratlin*, 37 Ga. App. 392 (140 SE 518)), and also that the test of whether funds in the hands of a third person are subject to garnishment is whether or not the original defendant could himself recover such funds by suit directly against the garnishee (*Butler v. Billups*, 101 Ga. 102 (28 SE 615)). Under the testimony of the garnishee's officer in charge of building construction, the defendant abandoned the contract at a time when it had been paid more than 50% of the contract price for less than 50% of the contract work, and accordingly the defendant could not have collected any further amount from the garnishee whose real estate was being improved. *Spirides v. Victory Lumber Co.*, 76 Ga. App. 78, 81 (45 SE2d 65); *Prince v. Neal-Millard Co.*, 124 Ga. 884 (53 SE 761, 4 AC 615). The plaintiff attempted to counter this defense by showing that the garnishee had in fact made payments on the contract price after the summons of garnishment was served upon it. The garnishee admitted this, but contended that the payments were made direct to materialmen under a prior agreement between the parties necessitated by the fact that the materialmen had refused to make further de-

liveries to the contractor unless payment was made or guaranteed by Sherwood. We dealt with a somewhat analogous situation in *Melton v. Lowe,* 117 Ga. App. 783 (161 SE2d 912). There it was held that, on a question of priority of materialmen's liens, the owner might pledge his personal credit in order to induce materialmen to continue to make deliveries to the contractor and thereby render himself personally liable; that actual payment by him nevertheless constituted a preference, which would amount to payment of the contract price so as to defeat the inchoate lien of other materialmen only until such time as their liens were actually filed, but that after a lien was filed by other materialmen working on the same project the preference would be illegal, the fund being available to all who had perfected their liens pro tanto. Carter's claim in the present case does not fall under this rule because he was not a materialman, his judgment against the defendant arose from an unrelated transaction, and the only question he is entitled to pose is whether or not the owner was indebted to the contractor at the time of the garnishment. There was evidence to support a jury conclusion that Sherwood was not indebted to Lanier because Lanier had abandoned its contract, and that Sherwood's indebtedness to Philyaw and Parks Lumber Company arose from a personal pledge of credit to induce these materialmen to continue deliveries to Lanier for use on the job, independently of its contract obligations to Lanier and Lanier's indebtedness to these suppliers. It is greatly to be doubted under the facts in evidence that Lanier, had it filed suit against Sherwood on December 7, 1965, would under this evidence have recovered the balance of the contract price or any part thereof. Furthermore, "the statute [creating materialman's liens] operates as a sort of automatic garnishment, which without summons or service impounds the fund due by the owner, and requires it to be held up until the expiration of the time named in the statute. But if nothing becomes due to the contractor, there is nothing caught. There is no fund out of which those employed by him are to be paid. For in all these cases it must be understood that the contractor's employees are to be paid out of the contractor's money." *Rowell v. Harris,* 121 Ga. 239,

240 (48 SE 948). In the present case, the evidence authorizes the conclusions that the fund, if any was due the contractor, was already subject to the inchoate lien of the materialmen paid by the garnishee, that nothing was in fact due because the defendant had abandoned the contract, and that the garnishee's liability was not only secondary as to the owner but primary because of its personal guarantee of payment. The letters written by the garnishee subsequent to December 7, 1965, calling on Lanier and/or Reed to complete the contract constitute evidence contrary to the appellee's contentions, but do not demand a contrary conclusion in view of the explanatory testimony.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*