A09A0380. TBF FINANCIAL, LLC v. HOUSTON et al.
(680 SE2d 662)

ADAMS, Judge.

TBF Financial, LLC appeals the dismissal of its post-judgment garnishment action for failing to timely notify the defendant, Derrick Houston, of the garnishment proceeding. TBF admits that it failed to comply with its chosen method of notification under OCGA § 18-4-64 (a) (2),[1] which required it to send Houston notice of the garnishment by registered or certified mail within three days of service of the garnishment on the garnishee bank. The bank was served on January 4, 2008, and Houston was served by certified mail on June 11, 2008, more than six months later.[2] In support of TBF's request for disbursement of funds, its attorney submitted an affidavit affirming that Houston received the summons and attaching a copy of the certified mail receipt purporting to show Houston's signature. Houston failed to respond to the summons.[3] The state court dismissed the garnishment sua sponte for lack of timely service. TBF argues on appeal that Houston waived all defenses by failing to respond to the garnishment. Moreover, TBF contends that its failure to comply with the statute did not render the garnishment void or voidable.

A garnishment action is ancillary to the original action determining a debt between a plaintiff/creditor and defendant/debtor. "In the main case the question is whether the defendant is indebted to the plaintiff. In the garnishment suit the question is whether the garnishee is indebted to the defendant." (Citation and punctuation

---

[1] The plaintiff, after issuance of the summons of garnishment and not more than three business days after service of the summons of garnishment on the garnishee, shall cause a written notice to be sent to the defendant at the defendant's last known address by registered or certified mail or statutory overnight delivery, return receipt requested. . . .
OCGA § 18-4-64 (a) (2).

[2] TBF represents that an earlier certified mailing – albeit also a late mailing – was returned without a sufficient explanation of why it was returned.

[3] Houston also failed to file any brief on appeal.

YALE LAW LIBRARY

omitted.) *Ledbetter v. Goodroe*, 176 Ga. 845 (169 SE 106) (1933). Thus, "[a] garnishment proceeding is a distinct suit against a separate party, and for an entirely new cause of action. . . . It involves different parties, different issues, and a different cause of action; it requires a special place on the docket, and a separate trial on the merits. . . ." (Citations and punctuation omitted.) *Holder v. C & S Nat. Bank*, 136 Ga. App. 740 (222 SE2d 110) (1975). Although "[a] garnishment proceeding is an action between the plaintiff and the garnishee," OCGA § 18-4-93, "a judgment debtor named as a defendant in the proceeding may become a party to the garnishment . . . by filing a traverse to the plaintiff's affidavit." (Citation and punctuation omitted.) *Southern Land &c. Co. v. Brock*, 213 Ga. App. 3, 5 (443 SE2d 647) (1994). By filing a traverse, a defendant "may challenge the existence of the judgment or the amount claimed due thereon." OCGA § 18-4-65 (a). In addition, "[t]he defendant may plead any other matter in bar of the judgment," except "[t]he validity of the judgment upon which the garnishment is based." OCGA § 18-4-65 (a), (b).

TBF argues that Houston waived any defense as to defective service by failing to file a traverse or any other response to the affidavit of garnishment. "Garnishment proceedings are governed by the pleading and practice provisions of the Civil Practice Act ['CPA']. OCGA § 18-4-1." (Citation and punctuation omitted.) *St. Paul Reinsurance Co. v. Ross*, 276 Ga. App. 135, 143 (2) (622 SE2d 374) (2005). And TBF is correct that under the CPA, the failure to file a responsive pleading raising a defect in service waives any defense on that ground. See *Sidwell v. Sidwell*, 237 Ga. App. 716, 717 (1) (515 SE2d 634) (1999); *Taylor v. Bentley*, 166 Ga. App. 887 (1) (305 SE2d 617) (1983). But even under the CPA, "[w]here there has been no legal service on the defendant and no waiver of service, the court has no jurisdiction to enter any judgment in the case unless it be one dismissing the case for lack of jurisdiction." (Citation omitted.) *De Jarnette Supply Co. v. F. P. Plaza, Inc.*, 229 Ga. 625 (2) (193 SE2d 852) (1972). See also *Denny v. Croft*, 195 Ga. App. 871, 872 (2) (395 SE2d 72) (1990) ("In the absence of proper service, no jurisdiction over the defendant is obtained by the court.").

Applying these principles here, we note that the garnishment statutes require formal service upon the garnishee bank (OCGA § 18-4-62), but only require that "notice" of the summons be given to the defendant debtor. OCGA § 18-4-64. Moreover, the garnishee becomes a party to the action when service is accomplished, but the defendant does not become a party unless he files a traverse. OCGA § 18-4-93. Thus, while the failure to effect legal service on the garnishee would presumably deprive the trial court of jurisdiction, it is not clear that the failure to provide notice to the

debtor has the same effect.

Nevertheless, the requirement of providing notice to the defendant is an essential element for due process. *Black v. Black*, 245 Ga. 281, 283 (2) (264 SE2d 216) (1980) ("Constitutional due process requirements are adequately met by the judicial supervision and notice to the defendant mandated by the statutory procedure for garnishments. . . ."). And because garnishment is in derogation of the common law, a plaintiff may not disregard its procedural requirements, although substantial compliance with those procedures may be sufficient. See *Lamb v. T-Shirt City*, 272 Ga. App. 298, 302 (1) (612 SE2d 108) (2005); *Nat. Loan Investors v. Satran*, 231 Ga. App. 21, 22 (1) (497 SE2d 627) (1998); *Gainesville Feed &c. Co. v. Waters*, 87 Ga. App. 354, 356 (1) (73 SE2d 771) (1952) (substantial compliance with service requirements sufficient where notice is given).

OCGA § 18-4-64 provides several alternative methods for providing notice to a defendant. A plaintiff may serve a copy of the summons in accordance with the CPA "as soon as is reasonably practicable" after the summons is filed with the clerk. OCGA § 18-4-64 (a) (1). Otherwise, depending upon the circumstances, a plaintiff has only three days after serving the garnishee to provide an in-state defendant like Houston notice by either certified mail, personal delivery, or ordinary mail. OCGA § 18-4-64 (a) (2), (3), (6), (7). Therefore, a plaintiff either follows the procedural safeguards set out for service under the CPA, or it must provide notice within three days. Under this statutory framework, the three-day requirement cannot be ignored. See *State of Ga. v. Free At Last Bail Bonds*, 285 Ga. App. 734, 737 (647 SE2d 402) (2007) (courts should interpret a statute as a whole, giving effect to each part and avoiding making some language "mere surplusage"). Moreover, under OCGA § 18-4-64 (e), "[n]o money or other property delivered to the court by the garnishee shall be distributed; nor shall any judgment be rendered against the garnishee until after the expiration of ten days from the date of compliance with at least one" of these methods of notification.

Under this statutory framework, we find that the plaintiff must make a prima facie showing of compliance with the notice requirements before the burden shifts to the defendant to raise improper service/notice as a defense. Here, TBF did not even come close to complying with any of the notice requirements, and thus Houston did not waive the argument by failing to file a responsive pleading raising the issue of inadequate notice. Moreover, because TBF failed to provide proper notice, the trial court was unable to grant the relief it requested. Under these circumstances, we find no error in the trial court's dismissal of the garnishment action.

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED JULY 1, 2009.

*John M. Welch*, for appellant.

Derrick Houston, *pro se*.