## A10A0661. COOK v. NC TWO, L.P.

(695 SE2d 284)

ANDREWS, Presiding Judge.

We granted Kenneth W. Cook's discretionary appeal of the trial court's order denying his traverse to this garnishment action. Because the trial court correctly found that NC Two substantially complied with the notice statute, we affirm.

The undisputed facts are that on March 30, 2009, NC Two, L.P. ("NC Two") filed a garnishment action against Athens First Bank & Trust Company, seeking to garnish funds from Cook's account. The sheriff's office served the garnishment action on the bank on April 9, 2009. Eight business days later, on April 21, 2009, NC Two sent Cook written notice of the action via the United States Mail. Cook filed a traverse on May 1, 2009, asserting, among other defenses, that he had not been properly served with the action.

After a hearing, the trial court denied the traverse. The trial court held that procedures at the superior court clerk's office thwarted NC Two's diligent effort to comply with the three-day requirement. It also determined that once NC Two learned that the sheriff's office had served the bank, it immediately sent notice of the action to Cook. Therefore, the trial court held, NC Two had substantially complied with the notice statute.

The trial court granted Cook a certificate of immediate review. This appeal followed.[1]

Although a plaintiff must formally serve a garnishment action on the garnishee bank, it need only provide statutory notice to a

---

[1] NC Two asserts that the discretionary review procedures may only be used to review final judgments. It contends that interlocutory rulings in discretionary cases such as this are never "ripe" for appeal. No case law or statutory authority, however, supports NC Two's claim. In fact, the Supreme Court has clearly indicated that we may review a discretionary application that is also interlocutory *if* the appellant obtains a certificate of immediate review from the trial court. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996). As noted above, Cook secured the necessary certificate here.

judgment defendant such as Cook. See *TBF Financial v. Houston*, 298 Ga. App. 657, 658 (680 SE2d 662) (2009). This notice may be accomplished in several ways, including mailing the garnishment summons to the judgment defendant. To effectuate notice by mail, "the plaintiff, after issuance of the summons of garnishment and not more than three business days after service of the summons of garnishment on the garnishee, shall send to the defendant at such known address by ordinary mail a written notice of the garnishment." OCGA § 18-4-64 (a) (7).

Cook argues that the notice was ineffective because it was sent in eight — rather than three — business days after service of the summons on the bank. As Cook contends, the garnishment statutes are in derogation of common law and must be strictly construed. See *TBF Financial*, supra at 659; *Lamb v. T-Shirt City*, 272 Ga. App. 298, 302 (1) (612 SE2d 108) (2005). But, this Court has found that substantial compliance with garnishment procedures "may be sufficient." *TBF Financial*, supra; see also *Henderson v. Mutual Fertilizer Co.*, 150 Ga. 465, 466 (4) (104 SE 229) (1920) (noting that summons of garnishment was issued and served on garnishee in substantial compliance with statutory requirements); *Gainesville Feed &c. Co. v. Waters*, 87 Ga. App. 354, 356 (1) (73 SE2d 771) (1952) (substantial compliance with statutory requirements regarding issuance of garnishment summons sufficient).

Cook cites to language in *TBF Financial*, supra at 659, as authority for his claim that strict compliance with the statute is required. In that case, this Court stated that "the three-day requirement [in OCGA § 18-4-64 (a) (7)] cannot be ignored." However, that case involved a six-month delay in serving the garnishment notice on the judgment defendant, and held that "TBF did not even come close to complying with any of the notice requirements," id. at 659; thus, there was no issue of substantial compliance. The case did note, however, as stated above, that substantial compliance with the statute "may be sufficient." Id.

In light of this language, and because we find no authority to the contrary, we conclude that the eight-day delay in this case was minimal and, therefore, NC Two substantially complied with the notice requirement of OCGA § 18-4-64 (a) (7). This was sufficient.

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED APRIL 21, 2010 — 

*Blasingame, Burch, Garrard & Ashley, Patrick H. Garrard, Thomas H. Rogers, Jr.*, for appellant.

*Beth E. Rogers, Wesley B. Snipes, Kimberly A. Wright*, for appellee.