S10G1374. COOK v. NC TWO, L.P.

(712 SE2d 831)

BENHAM, Justice.

Appellee NC Two, L.P. filed a post-judgment garnishment action against a bank in Athens, Georgia, that purportedly held assets of the judgment debtor, appellant Kenneth Cook. The garnishee/bank was served with the summons of garnishment on April 9, 2009, and NC Two was required to notify debtor Cook of the garnishment action by one of several methods set out in OCGA § 18-4-64 (a). NC Two exercised the option found in OCGA § 18-4-64 (a) (7), which required NC Two to send by mail a written notice of the garnishment to the judgment debtor at the latter's known address "after issuance of the summons of garnishment and not more than three business days after service of the summons of garnishment on the garnishee. . . ." NC Two did not mail the notice of garnishment to Cook until April 21, 2009, eight business days after service of the summons on the garnishee. Cook filed a traverse alleging untimely notification as to him, and the trial court denied and dismissed the traverse after finding that NC Two substantially complied with the three-business-day requirement. The Court of Appeals granted Cook's interlocutory application to appeal and held that the trial court correctly found that NC Two substantially complied with the notice statute. *Cook v. NC Two, L.P.*, 303 Ga. App. 797 (695 SE2d 284) (2010). We granted Cook's petition for a writ of certiorari to the

Court of Appeals, asking whether the Court of Appeals erred in holding that substantial compliance with the notice requirements of OCGA § 18-4-64 (a) is sufficient.

The requirement that the debtor be given notice of the garnishment action is of constitutional dimension. In *North Georgia Finishing v. Di-Chem*, 419 U. S. 601 (95 SC 719, 42 LE2d 751) (1975), a case involving Georgia's pre-judgment garnishment procedure, the United States Supreme Court declared Georgia's garnishment statute to be a violation of procedural due process of law because, among other things, it did not provide for notice to the debtor of the garnishment and an opportunity for an early preliminary hearing after the deprivation of property. Discerning "very little difference between pre-judgment and post-judgment garnishment proceedings insofar as procedural due process of law is concerned," and stating that "even a temporary deprivation [of the debtor's property in the hands of the garnishee] without initial judicial supervision cannot pass constitutional muster," this Court declared unconstitutional Georgia's procedure for pre- and post-judgment garnishment as that procedure existed prior to July 1, 1975. *Coursin v. Harper*, 236 Ga. 729, 733 (225 SE2d 428) (1976). In *City Finance Co. v. Winston*, 238 Ga. 10 (231 SE2d 45) (1976), this Court addressed the 1976 legislative revision of Georgia's garnishment law (Ga. L. 1976, pp. 1608-1629), and found it "constitutionally inadequate" because no notice of the post-judgment garnishment was required to be given to the defendant debtor. The General Assembly's 1977 amendments to the garnishment laws (Ga. L. 1977, pp. 159-166) included enactment of what is now OCGA § 18-4-64, which requires the plaintiff to give notice in one of several ways to the judgment debtor that a garnishment proceeding has been filed. Ga. L. 1977, p. 159, § 2. In *Easterwood v. LeBlanc*, 240 Ga. 61, 62 (239 SE2d 383) (1977), this Court concluded that the 1977 version of the post-judgment garnishment law met the due process requirements of judicial supervision and notice.

A post-judgment garnishment action is between the plaintiff and the garnishee and the latter must be served with the summons of garnishment. OCGA § 18-4-62. The judgment debtor is not a party to the garnishment action, and it is only required that the judgment debtor "be given notice of the filing of the first summons of garnishment. . . ." OCGA § 18-4-64 (a).[1] The General Assembly provided several alternative statutory methods for providing notice

---

[1] The judgment debtor may become a party to the garnishment proceeding by filing a traverse to the plaintiff's affidavit executed in connection with the filing of the summons of garnishment. OCGA § 18-4-93.

to the judgment debtor of the issuance of the garnishment summons, and two time frames within which the notice is to be given: the plaintiff in garnishment may either commence procedures when filing the garnishment to have the judgment debtor served with a copy of the summons of garnishment pursuant to the Civil Practice Act "as soon as is reasonably practicable" (OCGA § 18-4-64 (a) (1)), or the plaintiff in garnishment may notify the in-state judgment debtor by certified mail, ordinary mail or by personal delivery within a prescribed period of time — three business days of serving the garnishee. OCGA § 18-4-64 (a) (2), (3), (6), (7).[2] When a plaintiff in garnishment opts to have the judgment debtor served by an official or special appointee (see OCGA § 9-11-4 (c)), the judgment debtor must receive the served notice "as soon as is reasonably practicable"; however, when the plaintiff in garnishment opts for a less formal method of notification that is given by the plaintiff or his agent, notice must be given within three business days of the service of the summons of garnishment on the garnishee. The plaintiff in garnishment who decides against serving the judgment debtor pursuant to the Civil Practice Act cannot ignore the statutory requirement that the plaintiff provide notice to the judgment debtor within three business days. *TBF Financial, LLC v. Houston*, 298 Ga. App. 657, 659 (680 SE2d 662) (2009).

Relying on language in *TBF Financial*, the Court of Appeals in the case at bar opined that "substantial compliance with garnishment procedures 'may be sufficient' " and determined that NC Two substantially complied with the statutory three-business-day notice requirement when it notified appellant within eight business days. *Cook v. NC Two*, supra, 303 Ga. App. at 798. However, where a statute is "plain and susceptible of but one natural and reasonable construction, . . . is so plain and unambiguous that judicial construction is both unnecessary and unauthorized, . . . the legislature's clear intent . . . will not be thwarted by invocation of the rule of 'substantial compliance.' [Cits.]" *Resnick v. Pittman*, 203 Ga. App. 835 (418 SE2d 116) (1992). See also *Bible v. Bible*, 259 Ga. 418, 419 (383 SE2d 108) (1989) (where this Court overruled cases that applied the rule of substantial compliance to OCGA § 9-11-4 (d) (7), a "statute so plain and unambiguous that judicial construction is both unnecessary and unauthorized"); *Howard v. State*, 226 Ga. App. 543 (1), n. 1 (487 SE2d 112) (1997). The same rationale disposes of appellee's argument that OCGA § 1-3-1 (c) authorizes substantial compliance with

---

[2] The purpose of the short time-frame within which notice of the garnishment proceeding must be given the judgment debtor is to ensure that the non-party judgment debtor has an early opportunity to file a traverse and thereby become a party to the garnishment and bring about a speedy resolution of a contested garnishment and the concomitant property rights.

statutory requirements. The statute states that "[a] substantial compliance with any statutory requirement, especially on the part of public officers, shall be deemed and held sufficient. . . ." However, rules of statutory construction are not applicable when the statute is plain and unambiguous and susceptible to but one natural and reasonable construction since judicial construction of such a statute is unauthorized.

In its decision, the Court of Appeals cited two cases in support of its application of "substantial compliance" to this case. Neither is controlling. The decision in *Gainesville Feed &c. Co. v. Waters*, 87 Ga. App. 354 (1) (73 SE2d 771) (1952), involved service of process on the garnishee and relied upon former Code Ann. § 81-220[3] which was specifically repealed by the enactment of the Civil Practice Act in 1966. Ga. L. 1966, p. 609, § 135 (1). In *Henderson v. Mutual Fertilizer Co.*, 150 Ga. 465 (4) (104 SE 229) (1920), this Court held that a garnishee could not attack a judgment by an affidavit of illegality (see OCGA § 9-13-121) when the garnishee had been served with a summons of garnishment "in substantial compliance with the provisions of [an obsolete section of the 1910 Civil Code]." There was no discussion or a holding that suggests substantial compliance with the garnishment statute is all that is required.

We conclude that the Court of Appeals erred when it held that appellee's untimely notification of appellant substantially complied with the requirements of OCGA § 18-4-64 (a) (7).

*Judgment reversed. All the Justices concur.*

DECIDED JULY 5, 2011.

*Blasingame, Burch, Garrard & Ashley, Patrick H. Garrard, Thomas H. Rogers, Jr.*, for appellant.
*Beth E. Rogers, Gregory S. Krivo*, for appellee.

---

[3] The repealed statute provided that any process that substantially conformed to the requisites of the Code would not be invalidated by technical or formal objections so long as the defendant had notice of the pendency of the cause of action and the process set forth a legal cause of action.