**SECOND DIVISION
BARNES, P. J.,
MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**January 15, 2014**

# In the Court of Appeals of Georgia

A13A1852; A13A1853. PORCHE, IN HIS CAPACITY AS THE TAX COMMISSIONER/COLLECTOR FOR THE CITY OF WOODSTOCK, GEORGIA v. NORIEGA et al.

MILLER, Judge.

In these consolidated cases, Robert Porche, the Tax Commissioner for the City of Woodstock (the "City"), appeals from the superior court's order denying the City's petitions for ad valorem tax lien foreclosure of adjoining townhomes owned by Juan Pablo Noriega, Emilio Rafael Noriega and Ana Lilian Noriega. Porche contends that the superior court erred in (1) holding that the petitions were not in compliance with OCGA § 48-4-78, and (2) the City's nuisance ordinance is unenforceable under OCGA § 41-2-9. Discerning no error, we affirm.

When, as here, a question of law is at issue we owe no deference to the superior court's ruling and apply a de novo standard of review. See *Artson, LLC v. Hudson*, 322 Ga. App. 859 (747 SE2d 68) (2013).

The record shows that Ana Noriega is the owner of a townhome located at 137 Woodberry Court in Woodstock, Georgia - Lot 17 Woodberry Field Subdivison. Juan and Emilio Noriega own a townhome located at 139 Woodberry Court - Lot 18 Woodberry Field Subdivison. In June 2010, the City filed a municipal court nuisance complaint seeking abatement of a cross-tie retaining wall spanning the back of five lots (Lots 17-21) in the Woodberry Field Subdivision, including the Noriegas' townhomes.

Following a hearing in August 2010, the municipal court entered an order finding that the retaining wall was a nuisance and should be abated by the owners of the five lots. The municipal court ordered the abatement of the nuisance according to the following time constraints: submission of a plan for remediation to the City for approval within 30 days; commencement of construction pursuant to the remediation plan within 30 days of the City's approval of the plan; and completion of the remediation plan within 90 days of commencement of the physical construction process.

Approximately 10 months later, the municipal court entered a second order (hereinafter the "Final Nuisance Order") finding that the nuisance had not been abated and again ordered the lot owners to remediate the nuisance within similar time constraints.

After the lot owners failed to comply with the Final Nuisance Order, the City hired a contractor to abate the nuisance. Thereafter, on October 31, 2012, the City recorded abatement liens against the Noriegas' property (Woodberry Field Subdivision Lots 17-18) in the amount of $66,478.69, including $44,750 paid to abate the nuisance and $21,728.69 in attorney fees and expenses.

On November 15, 2012, Porche filed petitions against the Noriegas in the Superior Court of Cherokee County for in rem ad valorem tax foreclosure of the abatement liens. The petitions named the Noriegas because they were the owners of 137 and 139 Woodbury Court, but did not name the actual properties as respondents. The Noreigas responded to the City's petitions. Following a hearing, the superior court denied the petitions, finding that they were not brought against the property to be foreclosed as statutorily required.[1]

---

[1] The superior court also found that the abatement liens were void because they were based on City Code sections that do not comply with the provisions of OCGA § 41-2-9, which is the only means by which counties and municipalities may place

3

1. Porche contends that the superior court erred in finding that the petitions were not brought in compliance with OCGA § 48-4-78. We disagree.

OCGA §§ 48-4-76 et seq. sets forth the statutory procedures for judicial in rem tax foreclosure of delinquent ad valorem taxes. In rem actions are proceedings primarily against the property itself, even though they are subject to the claims of persons owning an interest therein. See *Ga. Dept. of Transp. v. Woodard*, 254 Ga. 587, 589 (331 SE2d 557) (1985) (condemnation proceedings are in rem, against the property itself, and failure to give notice to true owner of property did not void completed proceeding); *Stroupper v. McCauley*, 45 Ga 74, 76 (1872 Ga. LEXIS 162) (1872) (in rem judgments are founded on proceedings against the thing or the subject matter itself, not against the person).

OCGA § 48-4-78 provides that the petition for in rem ad valorem tax foreclosure shall by filed in the superior court of the county in which the property is located, and the petition "shall have form and content *substantially identical* to that form as provided in subsection (g) of this Code section." (Emphasis supplied.) OCGA § 48-4-78 (b). The statute further provides that such petitions shall be filed *against the property* for which taxes are delinquent. (Emphasis supplied.) OCGA § 48-4-78

abatement liens against private property.

4

(c). Finally, the statute provides that in rem ad valorem tax foreclosure petitions shall be brought against the following respondents: "__ ACRES OF LAND LYING AND BEING IN LAND LOT __, DISTRICT __, _____ COUNTY, GEORGIA" and the owner(s) of the property. OCGA § 48-4-78 (g).

Porche argues that the petitions substantially complied with OCGA § 48-4-78 (g) because they were brought against the Noriegas as owners of the properties. Where a statute is plain, unambiguous and susceptible to only one reasonable construction, however, this Court must construe the statute according to its terms and "the legislature's clear intent will not be thwarted by invocation of the rule of 'substantial compliance.' " (Citations and punctuation omitted.) *Cook v. NC Two LP*, 289 Ga. 462, 464 (712 SE2d 831) (2011).

Here, OCGA § 48-4-78 clearly and unambiguously requires petitions for in rem ad valorem tax foreclosure to be brought against the property for which the taxes are delinquent. The petitions show on their face that they failed to comply with the clear and unambiguous requirements of OCGA § 48-4-78, because they were filed against the Noriegas as owners of the properties, rather than being filed against the properties for which the taxes were delinquent. Accordingly, the trial court properly found that the petitions were not in compliance with OCGA § 48-4-78.

5

2. In light of our holding in Division 1, we need not address Porche's remaining enumerations of error.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*